Gordon Z. Novod
Thomas Walsh
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, New York 10017
Tel: 646-722-8523
Fax: 646-722-8501
Email: gnovod@gelaw.com
　　　　twalsh@gelaw.com

*Special Counsel for Plaintiff, Peter Hurwitz,
as Litigation Trustee of the GBG USA Litigation Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br>GBG USA Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-11369 (MEW)<br><br>Jointly Administered |
| PETER HURWITZ, AS LITIGATION TRUSTEE OF THE GBG USA LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>Richard Nixon Darling, Mark Joseph Caldwell, Ronald Ventricelli, Robert K. Smits, Stephen Harry Long, Brandon Carrey, Fung Holdings (1937) Limited, Fung Distribution International Limited, Step Dragon Enterprise Ltd., Golden Step Limited, William Fung Kwon Lun, King Lun Holdings Limited, First Island Developments Limited, Victor Fung Kwok King, Spencer Theodore Fung, HSBC Trustee (C.I.) Limited, Bruce Philip Rockowitz, and Hurricane Millennium Holdings Limited,<br><br>Defendants. | Adversary Proceeding<br><br>Adv. Proc. Case No. 23-01022 (MEW) |

---

[1] The "Debtors" in these chapter 11 cases and the last four digits of each Debtor's federal taxpayer identification number are as follows: GBG USA Inc. (2467), Jimlar Corporation (8380), GBG North America Holdings Co., Inc. (5576), Homestead International Group Ltd. (0549), IDS USA Inc. (7194), MESH LLC (8424), Frye Retail, LLC (1352), Krasnow Enterprises, Inc. (0122), Krasnow Enterprises Ltd. (0001), Pacific Alliance USA, Inc. (0435), GBG Spyder USA LLC (9108), and GBG Sean John LLC (1287). The Debtors' mailing address was GBG USA Inc., P.O. Box 4965, Greensboro, NC 27404.

**EX PARTE MOTION OF PETER HURWITZ, AS THE LITIGATION TRUSTEE OF THE GBG USA LITIGATION TRUST, PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b), BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1 PERMITTING PETER HURWITZ, AS LITIGATION TRUSTEE OF THE GBG USA LITIGATION TRUST, TO FILE UNDER SEAL THE UNREDACTED VERSION OF THE COMPLAINT AND THE EXHIBITS ATTACHED THERETO**

1. Plaintiff Peter Hurwitz, as the Litigation Trustee (the "Plaintiff" or the "Litigation Trustee") of the GBG USA Litigation Trust (the "Litigation Trust") by and through his undersigned counsel, hereby moves *ex parte* (the "Motion to Seal") for the entry of an order pursuant to sections 105(a) and 107(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") permitting the Litigation Trustee to temporarily file under seal the unredacted version of his contemporaneously filed Complaint pending brief review by non-parties who may have confidentiality interests in the documents and information that form the basis of the allegations therein.

2. The Complaint is brought by the Trustee of the Litigation Trust as successor in interest and representative of the above-captioned Debtors' estates (each, an "Estate," and collectively, the "Estates") pursuant to 11 U.S.C. § 1123(b)(3)(B), and as the transferee and assignee of certain claims and causes of action that arose in favor of the Debtors before the creation of their bankruptcy Estates, namely the Litigation Trust Assets (as such term is defined in the Plan).

3. Plaintiff's complaint is a necessary step to remedy the wrongs perpetrated on the Debtors and on holders of claims against the Debtors, by insiders and controlling shareholders of

the Debtors, as well as by the Debtors' conflicted officers and directors whose failure to exercise their fiduciary duties permitted such harm.

4. As detailed more in the Complaint, Plaintiff (i) seeks to avoid actual and constructive fraudulent transfers in connection with GBG USA's March 2019 funding of a special dividend, (ii) alleges breaches of fiduciary duties against GBG USA's former Directors and Officers related to the funding of the special dividend, (iii) alleges that GBG USA's transfers to fund of the special dividend were themselves unlawful dividends under Delaware law, (iv) seeks to avoid as actual and constructive transfers in respect to the March 2019 repayment obligations of GBG USA's indirect parent company, Global Brands Group Holing Limited, under the "December Shareholder Loan," and (v) alleges breaches of fiduciary duties against GBG USA's former Directors and Officers in connection with the repayment of that "December Shareholder Loan."

5. The Litigation Trustee seeks this *ex parte* temporary sealing of the Complaint so as (i) to satisfy his obligations under a Confidentiality Agreement entered into with Fung Corporate Services Group, Inc. ("FCSG"), a third party who produced documents from the Debtors' books and records, as well as other records, on which the Complaint is substantially-based; and (ii) relatedly, to provide FCSG, the current Joint Liquidators ("Joint Liquidators") of Global Brands Holdings Limited (the Debtors' indirect parent company), and the Plan Administrator with the opportunity to propose redactions to the Complaint for allegations that they believe warrant protection. Following this process, the Complaint will be unsealed, in whole or in part.

6. In light of impending deadlines resulting from statutes of limitations and/or statutes of repose with respect to certain of the claims and causes of action asserted in the Complaint, and in light of the fact that FCSG is affiliated with named Defendants, the Litigation Trustee cannot

engage in discussions about potential redactions with these parties in advance of filing his Complaint. This is particularly true because the Complaint is approximately 120 pages.

7.	The Litigation Trustee seeks the entry of the attached *ex parte* sealing order approving the temporary filing of the sealed Complaint, and directing that FCSG, the Joint Liquidators, and the Plan Administrator designate any of the Complaint's allegations that they believe warrant sealing treatment within a time period set by the Court. Upon the filing of the sealed Complaint and this *ex parte* Motion to Seal, the Litigation Trustee will provide a copy of the unredacted Complaint to counsel for FCSG, the Joint Liquidators, and the Plan Administrator, respectively with a request that they identify any information that they believe warrants sealing treatment and propose appropriate redactions on an expedited basis. In advance of any further hearing on this *ex parte* Motion to Seal, the Litigation Trustee will submit the proposed redactions, if any, to the Court for its review, noting any areas of disagreement.

8.	Finally, while this confidentiality review is occurring, the Litigation Trustee intends to commence service on the Defendants, twelve (12) of which are located outside the United States of America and will be served via an alternative service equivalent to service under the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters. The Litigation Trustee notes that this process could take approximately nine weeks from commencement of the adversary proceeding.

**JURISDICTION AND VENUE**

9.	This Court has jurisdiction to consider this Motion to Seal pursuant to 28 U.S.C. §§ 157 and 1334, as well as under Section 13.01 of the First Amended Joint Liquidating Plan of the Debtors ("Plan") in the above captioned matter. *See* Case No. 21-11369, Docket No. 512, 518 (Plan and confirmation order approving the Plan, respectively).

10. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 107(b). Relief is also warranted pursuant to Bankruptcy Rule 9018 and Local Rule 9018-1 of the Bankruptcy Court for the Southern District of New York.

## BACKGROUND

11. On July 29, 2021, the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code in the Bankruptcy Court for the Southern District of New York. The Cases are being jointly administered under case number 21-11369.

12. On February 3, 2022, the Court entered its *Findings of Fact, Conclusions of Law and Order Approving Disclosure statement on a Final Basis and Confirming the Plan*. Case No. 21-11369, Docket No. 518. Under the terms of the Plan and corresponding documents, the Litigation Trust was given the right, authority, and discretion to pursue Preserved Claims (as defined in the Plan), as explained more fully below.

13. The Plan's Effective Date was February 24, 2022. *See* Case No. 21-11369, Docket No. 531.

14. In accordance with the Plan and pursuant to the Litigation Trust Agreement (as defined in the Plan), the Litigation Trust was established for "the sole purpose of receiving and being vested with the Litigation Trust Assets" (as defined in the Plan). Plan, § 7.05(a). Upon the Effective Date, the Litigation Trust Assets and the Debtors' rights, title and interests to such Litigation Trust Assets vested in the Litigation Trust. *Id*., at § 7.06(b).

15. The Plan defines "Litigation Trust Assets" to include the "Preserved Claims." *See id.*, § 1.73. The Plan further provides that "the Litigation Trustee, for the benefit of the Litigation Trust, shall … have the power and authority to commence, prosecute, compromise and settle any

Preserved Claims." *Id.*, at 7.05(g). The "Preserved Claims" include "Causes of Action" on behalf of the Debtors against:

> (i) Li & Fung, (ii) the Non-Debtor Affiliates, (iii) past or present equity holders of Global Brands Group Holding Limited, (iv) past or present directors and officers of the Debtors and/or the Non-Debtor Affiliates, excluding the Independent Directors, solely in their capacities as such,…

*Id.*, § 1.94.

16. By the Complaint, filed contemporaneously herewith, the Litigation Trustee asserts causes of action for actual and constructive fraudulent transfers, breaches of fiduciary duties, and the avoidance of unlawful dividends under Delaware law. The Litigation Trustee asserts these claims against (i) certain of Debtor GBG USA's ("GBG USA") former Directors and Officers ("D&O Defendants"); and (ii) past equity holders of Global Brands Holdings Group Holding Limited ("GBGH") (the "Shareholder Defendants"), certain of which are also affiliated with Li & Fung.

17. The Complaint focuses on GBG USA's issuance of an approximate $ 307 million dividend – including at least $ 196 million in cash – to GBGH by or on March 29, 2019. The proceeds of that dividend were then used by GBGH to fund a Special Dividend ("Special Dividend") that was paid to its own shareholders on April 4, 2019. The Complaint alleges that aspects of GBG USA's dividend to GBGH consisted of actual and constructive fraudulent transfers. The Litigation Trustee seeks to avoid these transfers and then to recover the proceeds of the transfers from the Shareholder Defendants as subsequent transferees. The Complaint also alleges the GBG USA's dividend to GBGH was an illegal dividend claim in violation of 8 Del. C. §§ 170, 173, and 174. The Complaint further alleges that the D&O Defendants breached their duties of care and loyalty to GBG USA in connection with the GBG USA-GBGH dividend.

18. In addition to claims relating to the Special Dividend, the Complaint also asserts claims in connection with GBG USA's repayment of a $100 million loan that was provided to GBGH by its largest shareholder, Fung Holdings (1937) Limited ("Fung Holdings"), in December 2018 ("December Shareholder Loan"). The Complaint alleges that GBG USA's repayment of the December Shareholder Loan was both an actual and constructive fraudulent transfer, and further alleges that the D&O Defendants breached their duties of care and loyalty to GBG USA in repaying the December Shareholder Loan.

19. Significant portions of the Complaint refer to or contain information derived from documents produced to the Litigation Trustee by FCSG, *supra*, an affiliate of Fung Holdings, pursuant to a November 15, 2022 *Confidentiality and Clawback Agreement* ("Confidentiality Agreement") by and between FCSG, on the one hand, and the Litigation Trustee and the Litigation Trust, on the other hand.

20. The Confidentiality Agreement was entered into as part of the Litigation Trustee's efforts to consensually resolve the pending *Motion of Peter Hurwitz, as Litigation Trustee of the GBG USA Litigation Trust, (I) Pursuant to 11 U.S.C. §§ 105(a) and 1142(B) for Order Enforcing the Confirmation Order and Confirmed Joint Liquidating Plan of the Debtors, or, in the Alternative, (II) Pursuant to Bankruptcy Rule 2004 for An Order Directing a Rule 2004 Examination and Subpoena*. (the "Plan Enforcement Motion") (Case No. 21-11369, Docket No. 693).

21. The Plan Enforcement Motion requests, among other things, that the Court compel FCSG to provide access to the Debtors' books and records in its possession. Following service of the motion, FCSG agreed that it would search the electronic books and records of certain D&O Defendants, and produce the results of the search as responsive to the Litigation Trustee's

document requests set forth in the Plan Enforcement Motion. After performing the electronic searches, FCSG identified over 1.3 million documents (the "FCSG Documents"). To facilitate a timely production of the FCSG Documents (which would have been be delayed if FCSG reviewed all 1.3 million documents for responsiveness, privilege and confidentiality), the Litigation Trustee agreed to enter into the Confidentiality Agreement for the purpose of protecting any confidential, proprietary, personal or private information of Non-Debtors that might be included in the FCSG Documents, among other reasons.

22. Pursuant to the Section 3 of the Confidentiality Agreement, FCSG was permitted to designate FCSG Documents as "Confidential," and if so designated, the Litigation Trustee is required to seek leave to file the FCSG Documents (or information derived therefrom) under seal with the Court. The Confidentiality Agreement does not require that the Litigation Trustee confer with FCSG prior to making a filing referring to or containing information derived from FCSG Documents.

23. In the interests of making a timely production, FCSG marked every document (or nearly every document) that it produced as "Confidential," out of concern that such documents would contain confidential information relating to Non-Debtors.

24. The Plan Enforcement Motion also requests, among other things, that the Court compel John C. McKenna of Finance & Risk Services Ltd., as the Provisional Liquidator of GBGH, to provide access to the Debtors' books and records in its possession.

25. Mr. McKenna similarly agreed to provide access to the Debtors' books and records in the Provisional Liquidator's possession, as well as GBGH's own books and records. Mr. McKenna subsequently produced 109 documents directly to the Litigation Trustee. None of these 109 documents were specifically marked as "confidential." Mr. McKenna also instructed that

FCSG provide additional documents from GBGH's books and records maintained on FCSG's computer servers. FCSG subsequently produced some, but not all, of those documents to the Litigation Trustee.

26.  The Litigation Trustee also reviewed 546 documents provided by the Debtors' former counsel, Willkie Farr & Gallagher, in connection with the preparation of the Complaint. While none of these documents are specifically marked as "confidential", some of these documents may have been provided to the GBG USA Inc. Official Committee of Unsecured Creditors under some condition or agreement of confidentiality.

27.  In connection with preparing the Complaint, the Litigation Trustee also reviewed 1,784 documents representing the contents of an electronic data room maintained by Ducera during the Debtors' chapter 11 cases. While none of these documents are specifically marked as "confidential", access to Ducera's data room may have been conditioned on an agreement of confidentiality.

## GROUNDS FOR SEALING

28.  In light of both the number of allegations contained in the Complaint that refer to purportedly "Confidential" FCSG Documents and impending deadlines resulting from statutes of limitations and/or statutes of repose with respect to certain of the claims and causes of action asserted in the Complaint, the Litigation Trustee requests that the Court permit him to temporarily file the entire unredacted Complaint under seal.

29.  While Bankruptcy Code section 107(a) contemplates public access to materials filed in connection with bankruptcy cases, Bankruptcy Code Section 107(b) provides an exception to the general rule. Under that section, "on request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development or

commercial information." 11 U.S.C. § 107(b). Moreover, Bankruptcy Rule 9018 permits parties in interest to file a motion seeking to file documents under seal. *See* Fed. R. Bankr. P. 9018 ("On motion . . ., with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of . . . confidential commercial information . . . .").

30. Additionally, Bankruptcy Code section 105(a) gives the Court the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." *See* 11 U.S.C. § 105(a).

31. The unredacted Complaint contains, discusses, and references documents and information provided to the Litigation Trustee and designated by FCSG as "Confidential" pursuant to the terms of the Confidentiality Agreement. While the Litigation Trustee is not the party that designated such documents or information as "Confidential," and does not concede that the Complaint's reference to such documents or information warrant sealing treatment, the Confidentiality Agreement requires him to file this Motion to Seal in order to preserve any confidentiality interests that FCSG may contend exist with respect to the Complaint's allegations. In particular, FCSG may contend that certain documents or allegations refer to the confidential information of Non-Debtors that warrant continued protection.

32. While Mr. McKenna did not specifically mark any documents provided to Plaintiff in respect of the Plan Enforcement Motion as "confidential," and since Mr. McKenna's service as Provisional Liquidator of GBGH has now terminated, the Litigation Trustee would like to extend the courtesy to Edward Willmott and John Johnston, GBGH's Joint Liquidators appointed by the Bermuda court, as successors to Mr. McKenna, to assert any rights, if any, that they have with respect to the confidentiality of the allegations contained in the Complaint.

33. The Litigation Trustee would also like to provide the Plan Administrator, as the successor to the Debtors as provided under the Plan, with the opportunity to assert any rights that he has, if any, with respect to the confidentiality of the allegations contained in the Complaint.

34. In light of the Litigation Trustee's obligation to bring this Motion to Seal and to avoid the disclosure of confidential information relating to Non-Debtors and/or third parties, the Litigation Trustee requests permission to file an unredacted copy of the Complaint under seal.[2]

## DURATION OF SEAL

35. The Litigation Trustee proposes that the unredacted Complaint remain under seal to permit (i) counsel for FCSG, (ii) counsel for Messrs. Willmott and Johnston, and (iii) the Plan Administrator, to review the Complaint and designate the allegations that they believe warrant continued sealing, if any. The time afforded for such review is at the discretion of the Court. While the Litigation Trustee reserves his right to ultimately contest any such designations, the Litigation Trustee submits this Motion to Seal so as to preserve any confidentiality interests that (i) FCSG, (ii) Messrs. Willmott and Johnston, and (iii) the Plan Administrator, may assert with respect to the documents and information previously provided to the Litigation Trustee.

36. The Litigation Trustee seeks this relief *ex parte* in light of certain pending statutes of limitations and/or statutes of repose applicable to certain claims in the Complaint, and in light of the fact that FCSG is an affiliate of Fung Holdings, which is a named Defendant.

---

[2] Although he is required to file this Motion to Seal and requests that the unredacted Complaint be temporarily placed under seal in order to preserve any confidentiality interests that (i) FCSG, (ii) Messrs. Willmott and Johnston, and (iii) the Plan Administrator may possess, the Litigation Trustee will not have any further burden to show that any content of the Complaint is subject to continued sealing under 11 U.S.C. §107(b). Rather, the Litigation Trustee submits that the designating party will carry that burden in any argument regarding the sealing of aspects of the Complaint following the proposed twenty-day window in which the Complaint remains under seal. *See In re Anthracite Capital*, 492 B.R. 162, 171 (Bankr. S.D.N.Y. 2013) "[T]he party requesting the extraordinary [is required to] provide the court with specific factual and legal authority demonstrating that a particular document at issue is properly classified as "confidential" or "scandalous.").

**TIME TO UNSEAL THE COMPLAINT**

37. At the close of the time period set by this Court for the review of the Complaint by FCSG, Messrs. Willmott and Johnston, and the Plan Administrator, the Litigation Trustee anticipates that it will file a partially redacted version of the Complaint on the docket via electronic case filing. At that time, the Litigation Trustee will also provide the Court with a copy of the proposed redactions for its further consideration on whether the Complaint should remain sealed in part, noting any areas of disagreement.

38. Pursuant to Local Rule 9018-1(b)(5), the version of the Complaint that is publicly filed will contain only redactions deemed necessary to preserve confidentiality interests, made in good faith.

39. In the event that the Parties reach an agreement that no documents or information contained in the Complaint warrant sealing treatment, the Litigation Trustee will file the unredacted version of the Complaint via electronic case filing upon such agreement.

**PARTIES WITH ACCESS TO THE UNREDACTED COMPLAINT
WHILE SEALED IN ITS ENTIRETY**

40. Following the filing of the Complaint under seal, counsel for the Litigation Trustee will provide an unredacted version of the Complaint to counsel for (i) FCSG, (ii) Messrs. Willmott and Johnston, and (iii) the Plan Administrator, along with a request for each party to designate which portions of the Complaint should remain under seal.

41. While the Complaint remains under seal, the Litigation Trustee intends on providing unredacted copies of the Complaint to the Office of the U.S. Trustee pursuant to Section 107(c)(3)(A) of the Bankruptcy Code.

42. Additionally, the Litigation Trustee intends on commencing service of the unredacted version of the Complaint on all Defendants, twelve (12) of whom reside outside the

United States of America, and will be served via an alternative service equivalent to service under the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters. The Litigation Trustee notes that this process could take approximately nine weeks, and submits that, under the circumstances, Defendants submit that such notice is sufficient and that no further notice of this Motion to Seal need be given prior to service of the Complaint.

## NO PRIOR RELIEF SOUGHT

43. Pursuant to Local Rule 9077-1, the Litigation Trustee states that no prior application for the relief sought herein has been made.

## CONCLUSION

44. WHEREFORE, for the reasons stated above, the Litigation Trustee respectfully requests the entry of the attached proposed order: (a) permitting the Litigation Trustee to temporarily file the Complaint under seal pending review by the third-parties identified above that may assert confidentiality interests as to certain allegations in the Complaint, and (b) granting the Litigation Trustee such further relief as is just and proper. A proposed Order meeting the requirements of Local Rule 9018-1(b)(6) is attached.

Dated: March 16, 2023

**GRANT & EISENHOFER P.A.**

*/s/ Gordon Z. Novod*
Gordon Z. Novod
Thomas Walsh
485 Lexington Avenue, 29th Floor
New York, New York 10017
Tel: 646-722-8523
Fax: 646-722-8501
Email: gnovod@gelaw.com
      twalsh@gelaw.com

and

Frank H. Griffin (*pro hac vice* application to be filed)
123 Justison Street
Wilmington, Delaware 19801
Tel: 302-622-7047
Email: fgriffin@gelaw.com

*Special Counsel for Plaintiff, Peter Hurwitz, as Litigation Trustee of the GBG USA Litigation Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br>GBG USA Inc., *et al.*,³<br><br>Debtors. | Chapter 11<br><br>Case No. 21-11369 (MEW)<br><br>Jointly Administered |
| PETER HURWITZ, AS LITIGATION TRUSTEE OF THE GBG USA LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>Richard Nixon Darling, Mark Joseph Caldwell, Ronald Ventricelli, Robert K. Smits, Stephen Harry Long, Brandon Carrey, Fung Holdings (1937) Limited, Fung Distribution International Limited, Step Dragon Enterprise Ltd., Golden Step Limited, William Fung Kwon Lun, King Lun Holdings Limited, First Island Developments Limited, Victor Fung Kwok King, Spencer Theodore Fung, HSBC Trustee (C.I.) Limited, Bruce Philip Rockowitz, and Hurricane Millennium Holdings Limited,<br><br>Defendants. | Adversary Proceeding<br><br>Adv. Proc. Case No. 23-01022 (MEW) |

**ORDER GRANTING *EX PARTE* MOTION OF PETER HURWITZ, AS THE LITIGATION TRUSTEE OF THE GBG USA LITIGATION TRUST, PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b), BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1 PERMITTING PETER HURWITZ, AS LITIGATION TRUSTEE OF THE GBG USA LITIGATION TRUST, TO FILE UNDER SEAL THE UNREDACTED VERSION OF THE COMPLAINT AND THE EXHIBITS ATTACHED THERETO**

---

³ The "Debtors" in these chapter 11 cases and the last four digits of each Debtor's federal taxpayer identification number are as follows: GBG USA Inc. (2467), Jimlar Corporation (8380), GBG North America Holdings Co., Inc. (5576), Homestead International Group Ltd. (0549), IDS USA Inc. (7194), MESH LLC (8424), Frye Retail, LLC (1352), Krasnow Enterprises, Inc. (0122), Krasnow Enterprises Ltd. (0001), Pacific Alliance USA, Inc. (0435), GBG Spyder USA LLC (9108), and GBG Sean John LLC (1287). The Debtors' mailing address is GBG USA Inc., P.O. Box 4965, Greensboro, NC 27404.

This matter came before the Court upon the *ex parte* motion (the "Motion to Seal") of Plaintiff Peter Hurwitz as Litigation Trustee (the "Litigation Trustee") of the GBG USA Litigation Trust, for the entry of an order pursuant to 11 U.S.C. §§ 105(a) and 107(b), Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Rule 9018-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") permitting the Litigation Trustee to file under seal the unredacted version of the complaint (the "Complaint"); and the Court having considered the Motion to Seal; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion to Seal establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that

1. The Motion to Seal is GRANTED.

2. The Litigation Trustee is permitted to file the unredacted version of the Complaint under seal.

3. The Litigation Trustee shall submit an unredacted copy of the Complaint to the Clerk of this Court under seal in an envelope, clearly indicating that the same has been filed under seal by order of the United States Bankruptcy Court for the Southern District of New York.

4. This Order is without prejudice to the rights of (i) the United States Trustee or (ii) any other party of interest, to seek to unseal the Complaint in its entirety, or any part thereof.

5. The unredacted version of the Complaint shall not be made available to any party without the Litigation Trustee's consent, may not be filed on the public docket, and shall remain under seal until further order of the Court.

6. FCSG, Messrs. Willmott and Johnston, and the Plan Administrator, shall have _____ from the entry of this Order to review the Complaint and designate portions of the Complaint that it believes should remain under seal. Before _____, FCSG, Messrs. Willmott and Johnston, and the Plan Administrator, shall provide the Litigation Trustee with its proposed redactions, and the Litigation Trustee shall be responsible for filing redacted and partially redacted versions of the Complaint on the docket via electronic case filing. The Litigation Trustee will also be responsible for submitting the proposed redactions to the Court for review, noting any areas of disagreement.

7. A hearing on any proposed redactions and continued sealing of some or all of the Complaint is set for _____.

8. The provision of the unredacted Complaint to the Office of the U.S. Trustee shall be subject to Section 107(c)(3) of the Bankruptcy Code, shall be subject to the protections contained in Bankruptcy Rule 9018, as well as the protections afforded under Rule 502(d) of the Federal Rules of Evidence.

9. Notwithstanding any applicable federal or local rule of procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

10. This Court shall retain jurisdiction over any and all matters arising from or related to this Order.

Dated: _____, 2023

_____
The Honorable Michael E. Wiles
United States Bankruptcy Judge