Gordon Z. Novod
Thomas Walsh
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, New York 10017
Tel: 646-722-8523
Fax: 646-722-8501
Email: gnovod@gelaw.com
      twalsh@gelaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br>GBG USA Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-11369 (MEW)<br><br>Jointly Administered |
| PETER HURWITZ, AS LITIGATION TRUSTEE OF THE GBG USA LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD NIXON DARLING, MARK JOSEPH CALDWELL, RONALD VENTRICELLI, ROBERT K. SMITS, STEPHEN HARRY LONG, BRANDON CARREY, FUNG HOLDINGS (1937) LIMITED, FUNG DISTRIBUTION INTERNATIONAL LIMITED, STEP DRAGON ENTERPRISE LTD., GOLDEN STEP LIMITED, WILLIAM FUNG KWON LUN, KING LUN HOLDINGS LIMITED, FIRST ISLAND DEVELOPMENTS LIMITED, VICTOR FUNG KWOK KING, SPENCER THEODORE FUNG, HSBC TRUSTEE (C.I.) LIMITED, BRUCE PHILIP ROCKOWITZ, AND HURRICANE MILLENNIUM HOLDINGS LIMITED,<br><br>Defendants. | Adversary Proceeding<br><br>Adv. Proc. Case No. 23- 01022 (MEW) |

---

[1] The "Debtors" in these chapter 11 cases and the last four digits of each Debtor's federal taxpayer identification number are as follows: GBG USA Inc. (2467), Jimlar Corporation (8380), GBG North America Holdings Co., Inc. (5576), Homestead International Group Ltd. (0549), IDS USA Inc. (7194), MESH LLC (8424), Frye Retail, LLC (1352), Krasnow Enterprises, Inc. (0122), Krasnow Enterprises Ltd. (0001), Pacific Alliance USA, Inc. (0435), GBG Spyder USA LLC (9108), and GBG Sean John LLC (1287). The Debtors' mailing address was GBG USA Inc., P.O. Box 4965, Greensboro, NC 27404.

1

**CERTIFICATE OF NO OBJECTION REGARDING**
*EX PARTE* **MOTION OF PETER HURWITZ, AS THE LITIGATION TRUSTEE OF THE GBG USA LITIGATION TRUST, PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b), BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1 PERMITTING PETER HURWITZ, AS LITIGATION TRUSTEE OF THE GBG USA LITIGATION TRUST, TO FILE UNDER SEAL THE UNREDACTED VERSION OF THE COMPLAINT AND THE EXHIBITS ATTACHED THERETO**

1. Pursuant to 28 U.S.C. § 1746, Rule 9075-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), and the ORDER Granting the *Ex Parte Motion of Peter Hurwitz, as the Litigation Trustee of the GBG USA Litigation Trust, Pursuant to 11 U.S.C. §§ 105(a) and 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1 Permitting Perter Hurwitz as the Litigation Trustee of the GBG USA Litigation Trust, to File Under Seal the Unredacted Version of the Complaint and the Exhibits Attached Thereto*, [Adv. Proc. D.I. 3] (the "Order"), the undersigned counsel herby certifies as follows:

2. On March 16, 2023, Peter Hurwitz as the Litigation Trustee of the GBG USA Litigation Trust, filed the *Ex Parte Motion of Peter Hurwitz, as the Litigation Trustee of the GBG USA Litigation Trust, Pursuant to 11 U.S.C. §§ 105(a) and 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1 Permitting Perter Hurwitz as the Litigation Trustee of the GBG USA Litigation Trust, to File Under Seal the Unredacted Version of the Complaint and the Exhibits Attached Thereto*. [Adv. Proc. D.I. 2] (the "Motion to Seal").

3. That same day, this Court granted the Motion to Seal on a temporary basis, and provided that (i) Fung Corporate Services Group Inc. ("FCSG"), (ii) Messrs. Edward Willmott and John Johnston as the current Joint Liquidators of Global Brands Holdings Limited, and (iii) the Plan Administrator, would have ten days from the entry of the Order to review the Complaint and designate which portions of the Complaint they believe should remain under seal. The Order further stated that before March 28, 2023 (the "Objection Deadline"), FCSG, Messrs. Willmott and Johnston, and the Plan Administrator were to provide the Litigation Trustee with their proposed

redactions, and the Litigation Trustee would be responsible for filing redacted and partially redacted versions of the Complaint on the docket.

4. As part of the Motion to Seal's requested relief, the Litigation Trustee requested the (i) authority to permit the Litigation Trustee to temporarily file the Complaint under seal pending the review by the third-parties identified in the Motion to Seal that may assert confidentiality interests as to certain allegations in the Complaint and (ii) permitting the Litigation Trustee to file the unredacted version of the Complaint to the public docket in the event the Parties reach an agreement that no documents or information in the Complaint warrant sealing treatment.

5. Local Rule 9075-2 provides that a motion may be granted without hearing if (a) no objections or other responsive pleadings have been filed on or before the applicable objection deadline, and (b) the attorney for the entity that filed the motion complies with such rule. Rule 9075-2 of the Local Bankruptcy Rules.

6. As of the filing of this certificate of no objection, the undersigned counsel certifies that in compliance with Local Rule 9075-2, (i) more than forty-eight hours have elapsed since the Objection Deadline, and (ii) the undersigned counsel has reviewed the docket in the adversary proceeding and no responsive pleading to the Motion to Seal appears thereon. On March 27, 2023, counsel for Messrs. Willmott and Johnston advised the undersigned counsel that Messrs. Willmott and Johnston did not have any redaction requests to the Complaint. On March 28, 2023, the Plan Administrator confirmed to the undersigned counsel that he did not have any redaction requests to the Complaint. To date, counsel for FCSG has not communicated any response to the undersigned counsel concerning whether FCSG has any redaction requests to the Complaint.

7. Since FCSG, Messrs. Willmott and Johnston, and the Plan Administrator have not (i) filed an objection concerning the Litigation Trustee's Motion to Seal or (ii) provided the

Litigation Trustee with their proposed redactions by the Objection Deadline, there is no longer any discernable need for continued sealing treatment of the Complaint, making the hearing scheduled on April 5, 2023 moot.

8. Since no objections to the Motion to Seal were made and since none of FCSG, Messrs. Willmott and Johnston, nor the Plan Administrator have provided the Litigation Trustee with their proposed redactions to the Complaint, if any, by the Objection Deadline, Plaintiff respectfully requests that the Court enter the proposed form of order, attached hereto as **Exhibit A**.

Dated: March 30, 2023

**GRANT & EISENHOFER P.A.**

*/s/ Gordon Z. Novod*
Gordon Z. Novod
Thomas Walsh
485 Lexington Avenue, 29th Floor
New York, New York 10017
Tel: 646-722-8523
Fax: 646-722-8501
Email: gnovod@gelaw.com
       twalsh@gelaw.com

and

Frank H. Griffin (*pro hac vice* application to be filed)
123 Justison Street
Wilmington, Delaware 19801
Tel: 302-622-7047
Email: fgriffin@gelaw.com

*Special Counsel for Plaintiff, Peter Hurwitz, as Litigation Trustee of the GBG USA Litigation Trust*

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br>GBG USA Inc., *et al.*,[2]<br><br>Debtors. | Chapter 11<br><br>Case No. 21-11369 (MEW)<br><br>Jointly Administered |
| PETER HURWITZ, AS LITIGATION TRUSTEE OF THE GBG USA LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD NIXON DARLING, MARK JOSEPH CALDWELL, RONALD VENTRICELLI, ROBERT K. SMITS, STEPHEN HARRY LONG, BRANDON CARREY, FUNG HOLDINGS (1937) LIMITED, FUNG DISTRIBUTION INTERNATIONAL LIMITED, STEP DRAGON ENTERPRISE LTD., GOLDEN STEP LIMITED, WILLIAM FUNG KWON LUN, KING LUN HOLDINGS LIMITED, FIRST ISLAND DEVELOPMENTS LIMITED, VICTOR FUNG KWOK KING, SPENCER THEODORE FUNG, HSBC TRUSTEE (C.I.) LIMITED, BRUCE PHILIP ROCKOWITZ, AND HURRICANE MILLENNIUM HOLDINGS LIMITED,<br><br>Defendants. | Adversary Proceeding<br><br>Adv. Proc. Case No. 23- 01022 (MEW) |

**ORDER GRANTING *EX PARTE* MOTION OF PETER HURWITZ, AS THE LITIGATION TRUSTEE OF THE GBG USA LITIGATION TRUST, PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(b), BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1 PERMITTING PETER HURWITZ, AS LITIGATION TRUSTEE OF THE GBG USA LITIGATION TRUST, TO FILE UNDER SEAL THE UNREDACTED VERSION OF THE COMPLAINT AND THE EXHIBITS ATTACHED THERETO**

---

[2] The "Debtors" in these chapter 11 cases and the last four digits of each Debtor's federal taxpayer identification number are as follows: GBG USA Inc. (2467), Jimlar Corporation (8380), GBG North America Holdings Co., Inc. (5576), Homestead International Group Ltd. (0549), IDS USA Inc. (7194), MESH LLC (8424), Frye Retail, LLC (1352), Krasnow Enterprises, Inc. (0122), Krasnow Enterprises Ltd. (0001), Pacific Alliance USA, Inc. (0435), GBG Spyder USA LLC (9108), and GBG Sean John LLC (1287). The Debtors' mailing address is GBG USA Inc., P.O. Box 4965, Greensboro, NC 27404.

This matter came before the Court upon the *ex parte* motion (the "Motion to Seal") of Plaintiff Peter Hurwitz as Litigation Trustee (the "Litigation Trustee") of the GBG USA Litigation Trust, for the entry of an order pursuant to 11 U.S.C. §§ 105(a) and 107(b), Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Rule 9018-1 of the Local Bankruptcy Rules of Practice for the Southern District of New York (the "Local Bankruptcy Rules") permitting the Litigation Trustee to file under seal the unredacted version of the complaint (the "Complaint"); or in the alternative filing an unredacted version of the Complaint to the public docket should the Parties reach an agreement that no documents or information in the Complaint warrant sealing treatment; and the Court having considered the Motion to Seal; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion to Seal establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that

    1.    The Motion to Seal is GRANTED as it pertains to the Litigation Trustee's filing of an unredacted version of the Complaint on the public docket.

    2.    Having received no objections or proposed redactions to the Litigation Trustee's Complaint from (i) FCSG, (ii) Messrs. Willmott and Johnston as the current Joint Liquidators of Global Brands Holdings Limited, and (iii) the Plan Administrator, by the Objection Deadline, the hearing scheduled for April 5, 2023 is canceled since there is no longer a need for continued sealing of the Complaint.

    3.    Notwithstanding any applicable federal or local rule of procedure, the terms and conditions of this order shall be immediately effective and enforceable upon entry of this Order

4. This Court shall retain jurisdiction over any and all matters arising form or related to this Order.

Dated: _____, 2023

_____
The Honorable Michael E. Wiles
United States Bankruptcy Judge