UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br>GBG USA Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 21-11369 (MEW)<br>Jointly Administered |
| PETER HURWITZ, AS LITIGATION TRUSTEE OF THE GBG USA LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD NIXON DARLING, MARK JOSEPH CALDWELL, RONALD VENTRICELLI, ROBERT K. SMITS, STEPHEN HARRY LONG, BRANDON CARREY, FUNG HOLDINGS (1937) LIMITED, FUNG DISTRIBUTION INTERNATIONAL LIMITED, STEP DRAGON ENTERPRISE LTD., GOLDEN STEP LIMITED, WILLIAM FUNG KWON LUN, KING LUN HOLDINGS LIMITED, FIRST ISLAND DEVELOPMENTS LIMITED, VICTOR FUNG KWOK KING, SPENCER THEODORE FUNG, HSBC TRUSTEE (C.I.) LIMITED, BRUCE PHILIP ROCKOWITZ, AND HURRICANE MILLENNIUM HOLDINGS LIMITED,<br><br>Defendants. | Adversary Proceeding<br>Adv. Proc. Case No. 23-01022 (MEW) |

**ORDER APPROVING AMENDED STIPULATION
ESTABLISHING BRIEFING SCHEDULE**

---

[1] The "Debtors" in these chapter 11 cases and the last four digits of each Debtor's federal taxpayer identification number are as follows: GBG USA Inc. (2467), Jimlar Corporation (8380), GBG North America Holdings Co., Inc. (5576), Homestead International Group Ltd. (0549), IDS USA Inc. (7194), MESH LLC (8424), Frye Retail, LLC (1352), Krasnow Enterprises, Inc. (0122), Krasnow Enterprises Ltd. (0001), Pacific Alliance USA, Inc. (0435), GBG Spyder USA LLC (9108), and GBG Sean John LLC (1287). The Debtors' mailing address was GBG USA Inc., P.O. Box 4965, Greensboro, NC 27404.

Upon consideration of the *Amended Stipulation Establishing Briefing Schedule* (the "Stipulation"), a copy of which is attached hereto as Exhibit 1; and the Court having determined that good and adequate cause exists for approval of the Amended Stipulation; and the Court having determined that no further notice of the Amended Stipulation must be given; it is hereby

ORDERED that the Amended Stipulation is APPROVED; and it is further

ORDERED that any Defendant (each a "Served Defendant," and together, the "Served Defendants") who has been served with a summons and the Plaintiff's Complaint (as may be amended, the "Operative Complaint") in this Adversary Proceeding shall file their Motion(s) to Dismiss the Operative Complaint (the "Motion to Dismiss") on or before forty-five (45) calendar days following Plaintiff's filing of the affidavit of service completing service of Defendants located in Hong Kong, China, Plaintiff shall file any objection to the Motion to Dismiss (an "Opposition") on or before forty (40) calendar days following the filing of a Motion to Dismiss, and the Served Defendants shall file a response in support of the Motion to Dismiss on or before thirty (30) calendar days following the filing of an Opposition;

ORDERED that should Plaintiff file an amendment to the Operative Complaint (an "Amended Complaint") in this action pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, applicable to this adversary proceeding under Rule 7015 of the Federal Rules of Bankruptcy Procedure, then Plaintiff shall file the Amended Complaint no later than twenty-one (21) calendar days after the filing of a Motion to Dismiss;

ORDERED that if Plaintiff files an Amended Complaint, then (a) the Served Defendants' answer or renewed motion to dismiss the Amended Complaint, shall be filed no later than forty-five (45) calendar days following the date of the filing of the Amended Complaint, (b) Plaintiff's opposition(s) to any renewed motion to dismiss the Amended Complaint shall be filed no later

than thirty (30) calendar days following the Served Defendants' filing of such motion to dismiss, and (c) the Served Defendants' reply(s) to Plaintiff's opposition to any renewed motion to dismiss the Amended Complaint shall be filed no later than thirty (30) calendar days following Plaintiff's filing of such opposition;

ORDERED that the Served Defendants shall file one, consolidated (i) Motion to Dismiss, (ii) memorandum in support of their consolidated Motion to Dismiss, and (iii) reply brief in further support of a Motion to Dismiss;

ORDERED that the Served Defendants' opening brief in support of a Motion to Dismiss shall not exceed 50 pages in length, Plaintiff's brief in opposition to a Motion to Dismiss shall not exceed 50 pages in length, and the Served Defendants' reply brief in further support of a Motion to Dismiss shall not exceed 25 pages in length, in each case exclusive of the table of contents and table of authorities;

ORDERED that the Parties shall meet and confer in good faith to discuss amending the deadlines above to the extent they conflict with religious holidays or observances;

ORDERED that the initial pretrial conference in this Adversary Proceeding is rescheduled to a date to be determined, which date shall be approximately thirty (30) calendar days after the decision of any motion to dismiss with respect to the Operative Complaint, or an Amended Complaint, as appropriate.

Date:   August 2, 2023
New York, New York              **s/Michael E. Wiles**
                                UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**
**Stipulation**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br>GBG USA Inc., *et al.*,[2]<br><br>Debtors. | Chapter 11<br>Case No. 21-11369 (MEW)<br>Jointly Administered |
| PETER HURWITZ, AS LITIGATION TRUSTEE OF THE GBG USA LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD NIXON DARLING, MARK JOSEPH CALDWELL, RONALD VENTRICELLI, ROBERT K. SMITS, STEPHEN HARRY LONG, BRANDON CARREY, FUNG HOLDINGS (1937) LIMITED, FUNG DISTRIBUTION INTERNATIONAL LIMITED, STEP DRAGON ENTERPRISE LTD., GOLDEN STEP LIMITED, WILLIAM FUNG KWON LUN, KING LUN HOLDINGS LIMITED, FIRST ISLAND DEVELOPMENTS LIMITED, VICTOR FUNG KWOK KING, SPENCER THEODORE FUNG, HSBC TRUSTEE (C.I.) LIMITED, BRUCE PHILIP ROCKOWITZ, AND HURRICANE MILLENNIUM HOLDINGS LIMITED,<br><br>Defendants. | Adversary Proceeding<br>Adv. Proc. Case No. 23-01022 (MEW) |

---

[2] The "Debtors" in these chapter 11 cases and the last four digits of each Debtor's federal taxpayer identification number are as follows: GBG USA Inc. (2467), Jimlar Corporation (8380), GBG North America Holdings Co., Inc. (5576), Homestead International Group Ltd. (0549), IDS USA Inc. (7194), MESH LLC (8424), Frye Retail, LLC (1352), Krasnow Enterprises, Inc. (0122), Krasnow Enterprises Ltd. (0001), Pacific Alliance USA, Inc. (0435), GBG Spyder USA LLC (9108), and GBG Sean John LLC (1287). The Debtors' mailing address was GBG USA Inc., P.O. Box 4965, Greensboro, NC 27404.

## AMENDED STIPULATION ESTABLISHING BRIEFING SCHEDULE

WHEREAS, since the filing of the Complaint, Plaintiff has initiated service of process of certain Defendants located in the British Virgin Islands, Hong Kong, China, and Jersey.

WHEREAS, affidavits of service of the summons and Plaintiff's complaint in this action have been filed with respect to all Defendants domiciled in the United States of America (*see* Adv. Dkt. No. 6), to all Defendants formed under the laws of the British Virgin Islands (*see* Adv. Dkt. Nos. 10, 11, 12, 13, 14), and to a Defendant formed under the laws of Jersey (*see* Adv. Dkt. No. 15).

WHEREAS, Plaintiff has not filed an affidavit of the summons and Plaintiff's complaint in this action on those Defendants residing in Hong Kong, China;

WHEREAS, the Plaintiff and Defendants (collectively, the "Parties") have conferred and agreed, subject to Court approval, to reschedule the initial pretrial conference to a date that is approximately thirty (30) days after the decision of any motion to dismiss with respect to the operative complaint filed in the above-captioned adversary proceeding;

WHEREAS, the Parties have agreed on a briefing schedule for Motion(s) to Dismiss the Plaintiff's Operative Complaint (the "Motion to Dismiss");

NOW THEREFORE, the Parties, through their respective undersigned counsel, hereby stipulate and agree as follows:

1. The Parties agree that any Defendant (each a "Served Defendant," and together, the "Served Defendants") who has been served with a summons and the Plaintiff's Complaint (as may be amended, the "Operative Complaint") in this Adversary Proceeding shall file a Motion to Dismiss on or before forty-five (45) calendar days following Plaintiff's filing of the affidavit of service completing service of Defendants located in Hong Kong, China, Plaintiff shall file any objection to the Motion to Dismiss (an "Opposition") on or before forty (40) calendar days following the filing of a Motion to Dismiss, and the Served Defendants shall file a response in support of the Motion to Dismiss on or before thirty (30) calendar days following the filing of an Opposition;

2

2. That should Plaintiff file an amendment to the Operative Complaint (an "<u>Amended Complaint</u>") in this action pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, applicable to this adversary proceeding under Rule 7015 of the Federal Rules of Bankruptcy Procedure, then Plaintiff shall file that amended complaint no later than twenty-one (21) calendar days after the filing of a Motion to Dismiss;

3. That if Plaintiff files an Amended Complaint, then (a) the Served Defendants' answer or motion to dismiss the Amended Complaint, shall be filed no later than forty-five (45) calendar days following the date of the filing of the Amended Complaint, (b) Plaintiff's opposition(s) to any motion to dismiss the Amended Complaint shall be filed no later than thirty (30) calendar days following Defendants' filing of such motion to dismiss, and (c) the Served Defendants' reply(s) to Plaintiff's opposition to any motion to dismiss the Amended Complaint shall be filed no later than thirty (30) calendar days following Plaintiff's filing of such opposition;

4. That the Parties shall meet and confer in good faith to discuss amending the deadlines above to the extent they conflict with religious holidays or observances;

5. That the Served Defendants shall file one, consolidated (i) Motion to Dismiss, (ii) memorandum in support of their consolidated Motion to Dismiss, and (iii) reply brief in further support of a Motion to Dismiss;

6. That the Served Defendants' opening brief in support of a Motion to Dismiss shall not exceed 50 pages in length, Plaintiff's brief in opposition to a Motion to Dismiss shall not exceed 50 pages in length, and the Served Defendants' reply brief in further support of a Motion to Dismiss shall not exceed 25 pages in length, in each case exclusive of the table of contents and table of authorities;

7. Defendants agree that, for any Defendant as to whom Plaintiff has already effected initial service of process, any amendment to the Operative Complaint may be served on counsel of record for Defendants, identified below, via electronic mail or First Class U.S. Mail;

8. Except as specifically set forth herein, all rights, claims, and defenses of the Parties, including but not limited to with respect to sufficiency of service of process and personal jurisdiction, are fully preserved, and the Plaintiff agrees and acknowledges that it will refrain from arguing that the Defendants' agreement reflected in paragraph 7 above provides evidence, or weighs in favor, of this Court's exercise of personal jurisdiction over any Defendant.

Dated: August 1, 2023

| GRANT & EISENHOFER P.A.<br><br>By: /s/ Gordon Z. Novod<br>Gordon Z. Novod<br>Thomas Walsh<br>485 Lexington Avenue, 29th Floor<br>New York, New York 10017<br>Tel: 646-722-8523<br>Fax: 646-722-8501<br>Email: gnovod@gelaw.com<br>          twalsh@gelaw.com<br><br>*Special Counsel for Plaintiff, Peter Hurwitz, as Trustee of the GBG USA Litigation Trust* | FRESHFIELDS BRUCKHAUS DERINGER US LLP<br><br>By: /s/ Henry Hutten<br>Madlyn Primoff<br>Timothy Harkness<br>Henry Hutten<br>601 Lexington Avenue, 31st Floor<br>New York, NY 10022<br>Tel: 212-277-4000<br>Henry.HUTTEN@freshfields.com<br>Madlyn.PRIMOFF@freshfields.com<br>Timothy.HARKNESS@freshfields.com<br><br>*Counsel for Defendants Stephen Harry Long, Fung Holdings (1937) Limited, Fung Distribution International Limited, Step Dragon Enterprise Ltd., Golden Step Limited, William Fung Kwon Lun, King Lun Holdings Limited, First Island Developments Limited, Victor Fung Kwok King, Spencer Theodore Fung, Bruce Philip Rockowitz, And Hurricane Millennium Holdings Limited* |
| --- | --- |
| MAYER BROWN LLP<br><br>By: /s/ Mark G. Hanchet<br>Mark G. Hanchet<br>1221 Avenue of the Americas<br>New York, NY  10020<br>Tel: (212) 506-2695<br>mhanchet@mayerbrown.com<br><br>*Counsel for Defendant* HSBC Trustee (C.I.) Limited | KATTEN MUCHIN ROSENMAN LLP<br><br>By: /s/ Julia M. Winters<br>Julia M. Winters<br>50 Rockefeller Plaza<br>New York, NY 10020-1605<br>Tel: +1.212.940.8587<br>jwinters@katten.com<br><br>*Counsel for Defendants Richard Nixon Darling, Mark Joseph Caldwell, Ronald Ventricelli, Robert K. Smits, Brandon Carrey* |