**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br>GBG USA INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 21-11369 (MEW)<br><br>Jointly Administered |
| PETER HURWITZ, AS LITIGATION TRUSTEE OF THE GBG USA LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD NIXON DARLING, et. al.,<br><br>Defendants. | Adversary Proceeding<br><br>Adv. Proc. Case No. 23-01022 (MEW) |

**DECLARATION OF BEN GORDON NAYLOR**

I, Ben Gordon Naylor, declare as follows:

1. I am the Team Head of the Asia Team within HSBC Trustee (C.I.) Limited ("HSBC Trustee"). I submit this declaration in support of HSBC Trustee's motion to dismiss in the above-referenced action regarding personal jurisdiction. The information in this declaration is based on my personal knowledge.

2. HSBC Trustee is a private limited company that is incorporated in Jersey, Channel Islands, where it is licensed to provide, and does provide, corporate trustee services to clients. HSBC Trustee's principal place of business is located at HSBC House, Esplanade, St. Helier, JE1 1GT, Jersey, Channel Islands. *See* Exhibit A (HSBC Trustee Certificate of Incorporation).

3. HSBC Trustee does not currently have, and at no time in the past has had, any office, branch, or regular place of business in the United States. It is not licensed generally to provide trust services in the United States, and does not generally accept settlors that are U.S. persons.

4. HSBC Trustee is the Trustee of the Victor Trust, an irrevocable trust established under the laws of Jersey pursuant to a trust instrument dated December 23, 1988. *See* Exhibit B (Trust Deed excerpts). The Trust Deed itself is governed by Jersey Law.

5. HSBC Trustee became Trustee of the Victor Trust on August 27, 2008, when it agreed to succeed the original Trustee, another Jersey entity, JPMorgan Trust Company (Jersey) Limited. *See* Exhibit C (Appointment and Resignation). The powers of HSBC Trustee to act are set forth in the Trust Deed.

6. In its role as Trustee of the Victor Trust, HSBC Trustee performs routine administrative duties from its principal place of business in Jersey for the benefit of the Victor Trust. Those duties include, for example, making income distributions from the Trust, maintaining Trust records, and attending to Trust accounting. In this role, HSBC Trustee does not engage in business activities in the United States. HSBC Trustee does not directly hold any assets of the Victor Trust in the United States, and never has.

7. I understand that the complaint in this action includes allegations regarding conduct that HSBC Trustee purposefully directed to the United States. As set forth below, these allegations reflect a misunderstanding of HSBC Trustee's position and duties.

8. The complaint includes allegations that HSBC Trustee owns "directly or indirectly" shares of Global Brands Group Holding Ltd (¶ 28) and that HSBC Trustee owns an interest in King Lun Holdings Ltd., First Island Developments Ltd., and Fung Holdings (1937) Limited.

(¶¶ 23, 28, 29, 50). These allegations are incorrect. Although the Victor Trust has a direct or indirect interest in these entities, HSBC Trustee does not have any beneficial interest in them, directly or indirectly.

9. The complaint includes an allegation that HSBC Trustee "had the ability, in combination with the other Controlling Shareholders, to dictate the terms of Special Dividend Cash Transfer through William Fung and other Fung family members affiliated with GBGH, which they did." (¶ 260). This allegation is incorrect, as HSBC Trustee had no such ability. In fact, pursuant to Section 11.01 of the Trust Deed, HSBC Trustee is expressly prohibited from involving itself in the management of "Special Companies" (which included GBGH) or voting with respect to any such company, except at the express written direction of the Management Committee (defined to include the Grantor of the Victor Trust, Victor Fung and William Fung). *See* Exhibit B, Sections 11.01, 11.01.02, 11.01.04; Second Schedule Part II.

10. In relevant part, the Trustee Deed states:

> 11.01 Notwithstanding anything elsewhere contained, no decision shall be made and no action shall be taken by the Trustees in relation to any of the following matters otherwise than pursuant to a written direction given by the Management Committee and actually received by the Trustees:
>
> [. . .]
>
> 11.01.02 the management of any Special Companies;
>
> [. . .]
>
> 11.01.04 the voting of any shares stock or other securities of any Special Companies.

11. Therefore, HSBC Trustee does not have (and never has had) power to vote on or approve any corporate matters related to the entities at issue in this action.

12. The complaint includes an allegation that HSBC Trustee "attended the GBGH shareholder meetings [. . .] at which HSBC Trustee's shares were voted to approve the payment of the Special Dividend using the purported proceeds of the Centric Sale from GBG USA." (¶ 260). This is incorrect. In fact, HSBC Trustee did not attend any GBGH shareholder meetings at issue in this case and did not (and, as noted, did not have the power to) vote or otherwise approve the payment of any special dividends.

13. Nor would HSBC Trustee have been permitted to attend any shareholder meetings of GBGH. HSBC Trustee is not now, and was not ever, a shareholder, director, or officer of GBGH, and therefore lacked standing or basis to attend such a meeting, much less vote on issues of management or governance.

14. Finally, the complaint includes an allegation that HSBC Trustee "received [a] portion of the Special Dividend funds paid to the Controlling Shareholders." That is also incorrect. First, as noted, HSBC Trustee is not now, and was not ever, a shareholder, director, or officer of GBGH, and therefore lacked standing or basis to itself receive dividends or other payments from GBGH. Second, even in its role as trustee of the Victor Trust, no "Special Dividend" funds were actually transmitted to HSBC Trustee from the United States.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 19, 2024 in Jersey, Channel Islands.

BEN GORDON NAYLOR

# EXHIBIT A

## HSBC TRUSTEE CERTIFICATE OF INCORPORATION

# JERSEY FINANCIAL SERVICES COMMISSION

## COMPANIES (JERSEY) LAW 1991

CERTIFICATE OF
INCORPORATION ON THE MERGER
OF A
LIMITED COMPANY

**Registered Number** 2535

I HEREBY CERTIFY THAT

BERMUDA TRUST (JERSEY) LIMITED a private company registration number 11842, a company incorporated under the Companies (Jersey) Law 1991, as amended, has by special resolution, pursuant to Article 127(C), merged with HSBC TRUSTEE (C.I.) LIMITED registration number 2535 its holding company and that

**HSBC TRUSTEE (C.I.) LIMITED** registration number **2535**

continues to be a merged company originally incorporated in Jersey as a private company

**dated this 1st day of November 2004**

Julian Lamb

**Deputy Registrar of Companies**

Under Article 13 of the Companies (Jersey) Law 1991,as amended, Jersey companies shall end (a) with the word "Limited" or the abbreviation "Ltd" or (b) with the words "avec responsabilité limitée" or the abbreviation "a.r.l". A company which uses (a) or (b) may, in setting out or using its name for any purpose under this law, do so in full or in the abbreviated form, as it prefers.

JERSEY FINANCIAL SERVICES
COMMISSION

COMPANIES (JERSEY) LAW 1991

# *CERTIFICATE OF*
# *INCORPORATION ON CHANGE OF NAME*
# *OF A LIMITED COMPANY*

Registered Number 2535

## I HEREBY CERTIFY THAT

**MIDLAND BANK TRUSTEE (JERSEY) LIMITED**

**a company incorporated under the Companies (Jersey) Laws, 1861-1968, having changed its name by special resolution, has today been entered on the Register of Companies incorporated in Jersey as a private company having the name of**

**HSBC TRUSTEE (C.I.) LIMITED**

**Dated this 22nd of September 1999**

~~Deputy~~ Registrar ~~of Companies~~

Deputy Registrar of Companies

States
of
Jersey

## COMPANIES (JERSEY) LAW 1991

# Certificate of Incorporation on Change of Name of a Limited Company

**Registered Number** 2535

## I HEREBY CERTIFY THAT

MONTAGU TRUST COMPANY (JERSEY) LIMITED

**a company incorporated under the Companies (Jersey) Laws, 1861–1968, having changed its name by special resolution, has today been entered on the Register of Companies incorporated in Jersey as a** private **company having the name of:**

MIDLAND BANK TRUSTEE (JERSEY) LIMITED

**Dated this** 10th **day of** June **199** 3

***Deputy Registrar of Companies***

Cert 2A.

SPECIAL RESOLUTION

# In the Royal Court of Jersey

RC 2535

In the year one thousand nine hundred and eighty four

the sixteenth day of March

Before the Judicial Greffier

On the application of

**JERSEY INTERNATIONAL TRUST CORPORATION LIMITED**

Limited Liability Companies

a limited liability company incorporated under the laws of this Island, the Court has ordered the registration in the Register of Limited Liability Companies of the Special Resolution(s) adopted at a general meeting, and confirmed at a subsequent general meeting, of the shareholders of the said company held

on the 1st day of March, 1984

and the 16th day of March, 1984

respectively, a copy of which Special Resolution(s) being annexed hereto:–

Enregistré dans le livre 777 du Registre Public

REGISTRE PUBLIC DE L'ILE DE JERSEY

M. Soudain
Greffier Substitut

CI

2535

TO: The Commercial Relations Officer,
States of Jersey Commercial
Relations Department,
Cyril Le Marquand House,
The Parade,
St. Helier,
Jersey, C.I.

JERSEY INTERNATIONAL TRUST CORPORATION LIMITED

NOTICE IS HEREBY GIVEN that the under-mentioned Resolution was passed as a Special Resolution of the Company at an Extraordinary General Meeting of the Members of the Company held on the 1st day of March, 1984 and was duly confirmed at a further Extraordinary Meeting of the Company held on the 16th day of March, 1984.

SPECIAL RESOLUTION

" IT WAS RESOLVED that the name of the Company be changed to MONTAGU TRUST COMPANY (JERSEY) LIMITED".

DATED this 16th day of March, 1984

The Common Seal of
JERSEY INTERNATIONAL TRUST
CORPORATION LIMITED
was hereunto affixed in the
presence of:

REGISTRE PUBLIC DE L'ILE DE JERSEY

Director

Secretary

GREFFIER SUBSTITUTE

SPECIAL RESOLUTION

# In the Royal Court of Jersey

25355

In the year one thousand nine hundred and seventy nine

the thirty first day of January

Before the Judicial Greffier

On the application of

JERSEY INTERNATIONAL TRUST COMPANY

LIMITED

Limited Liability Companies

a limited liability company incorporated under the laws of this Island, the Court has ordered the registration in the Register of Limited Liability Companies of the Special Resolution(s) adopted at a general meeting, and confirmed at a subsequent general meeting, of the shareholders of the said company held on the 12th January, 1979 and the 29th January, 1979 respectively, a copy of which Special Resolution(s) being annexed hereto:–

699

M. Soudani

TO: The Commercial Relations Officer,
States of Jersey Commercial Relations Department,
15 Broad Street,
St. Helier,
JERSEY C.I.

JERSEY INTERNATIONAL TRUST COMPANY LIMITED

NOTICE IS HEREBY GIVEN that the under-mentioned Resolution was passed as a Special Resolution of the Company at an Extraordinary General Meeting of the Members of the Company held on the 12th day of January, 1979, and was duly confirmed at a further Extraordinary Meeting of the Company held on the 29th day of January, 1979.

SPECIAL RESOLUTION

"IT WAS RESOLVED that the name of the Company be changed to JERSEY INTERNATIONAL TRUST CORPORATION LIMITED".

DATED this 29th day of January, 1979.

THE COMMON SEAL OF JERSEY INTERNATIONAL TRUST COMPANY LIMITED was hereunto affixed in the presence of:- )

Director:

Secretary:

117

# In the Royal Court of Jersey

2535

In the year one thousand nine hundred and seventy-one, the twenty-eighth day of October.

Before the Judicial Greffier

On the application of

**J.I.B. Trustees Limited,**

Limited Liability Companies

a limited liability company incorporated under the laws of this Island, the Court has ordered the registration in the Register of Limited Liability Companies of the following special resolution adopted at a general meeting, and confirmed at a subsequent general meeting, of the shareholders of the said company held on the 4th October, 1971, and the 21st October, 1971, respectively :-

> "It was proposed by W.H.Krichefski and seconded by R.R.Jeune that the name of the company be changed to Jersey International Trust Company Limited."

# In the Royal Court of Jersey

In the year one thousand nine hundred and sixty-seven, the tenth day of February.

Limited Liability Companies

On the application of Messrs. Clifford Arthur Rive du Feu, Reginald Robert Jeune and David Oswald Moon,

founder members of a limited liability company styled

J. I. B. Trustees Limited,

the Court has ordered the registration in the Register of Limited Liability Companies of the Memorandum and Articles of Association of the said company; the applicants having complied with the enactments in force in this Island relating to limited liability companies and the control of borrowing.

~~Of which Memorandum and Articles the tenor follows~~

# EXHIBIT B

## TRUST DEED EXCERPTS

**THIS INSTRUMENT OF TRUST** is made the 23rd day of December One thousand nine hundred and eighty-eight between JULIA FUNG SHEN NAI KEE of Flat 10A, 11 Magazine Gap Road, Hong Kong (hereinafter called "the Grantor") of the one part and CHASE BANK & TRUST COMPANY (C.I.) LIMITED of Chase House, Grenville Street, St. Helier, Jersey, Channel Islands (hereinafter called "the Trustees") of the other part.

WHEREAS

(a) The Grantor is desirous of making the irrevocable trust hereinafter contained and with that object in view has paid or transferred to the Trustees or otherwise placed under their control the property specified in Part I of the Second Schedule hereto.

(b) Further money investments or other property may be paid transferred to or otherwise placed under the control of the Trustees to be held upon the trusts hereof.

(c) For the purposes of identification this trust shall be known as "The Victor Trust."

**NOW THIS INSTRUMENT WITNESSES** as follows:

1. **PROPER LAW**

1.01 Subject to the powers conferred on the Trustees by Clause 14 and to each and every exercise thereof the rights of all parties and the construction and effect of the provisions of this trust shall be subject to and construed and regulated only according to the Proper Law notwithstanding that one or more of the Trustees may from time to time be resident or domiciled elsewhere than in the jurisdiction of the Proper Law.

2. **INTERPRETATION**

2.01 In this instrument where the context so admits the expressions hereinafter defined shall have the meanings thereby assigned to them respectively that is to say:

"Appointor" means, subject to the provisions hereinafter contained, the person named in Part III of the Second Schedule hereto.

"disability" means any disability which the Trustees in their sole discretion shall determine exists at any time.

"Consolidated Resources Limited" means that company organized and existing under the laws of the British Virgin Islands and having its registered office at Bank of Nova Scotia Building, Wickhams Cay, British Virgin Islands.

"Instrument in writing" means any instrument in writing which has been duly signed. "Instrument in writing duly

acknowledged" means any instrument in writing which has been duly signed, witnessed and notarized.

"issue" means children and remoter issue whether legitimate illegitimate legitimated or adopted and includes such issue 'en ventre sa mere' at the relevant time who shall be born alive.

"King Lun Holdings Limited" means that company organized and existing under the laws of the British Virgin Islands and having its registered office at P.O. Box 71, Craigmuir Chambers, Road Town, Tortola, British Virgin Islands.

"Management Committee" means, subject to the provisions hereinafter contained, the persons named in Part II of the Second Schedule hereto.

"minor" means a person who under the Proper Law or under the law of his domicile has not reached the age of legal capacity.

"Proper Law" means the law of the Island of Jersey or the law of such other jurisdiction as may have been declared in accordance with the power conferred on the Trustees by Clause 14 to be the law applicable to this trust but only for so long as such declaration remains in effect.

"Special Companies" means investments in King Lun Holdings Limited and any other such companies as the Management Committee shall from time to time designate by an instrument in writing delivered to the Trustees, and the proceeds from the sale or exchange of such companies.

"Trustees" means the trustees for the time being and from time to time of this trust.

"Trust Fund" means while and to the extent the same shall be subject to this trust:

(a) the said property described in Part I of the Second Schedule hereto;

(b) all other money investments or other property which may hereafter be transferred or paid to or into the control of or otherwise vested in and accepted by the Trustees as additions to the Trust Fund;

(c) any accumulations made pursuant to the power hereinafter contained; and

(d) the property from time to time representing the said property additions and accumulations.

10.07 The Trustees shall be entitled absolutely and without further inquiry to assume that the Management Committee and its officers are comprised of the individuals of whose appointments the Trustees have received notice.

10.08 The Management Committee shall have the power to employ agents and professional advisors at the expense of the trust. The Trustees shall not be liable for any neglect, omission or wrongdoing of such agents or professional advisors. The Management Committee shall not be so liable provided reasonable care is exercised in the selection of such agents and professional advisors.

10.09 If at any time there is no person serving as a member of the Management Committee, the Trustees shall have the authority in their sole and absolute discretion to appoint three (3) members who may, but need not, include any beneficiary of this trust. Any appointee of the Trustees shall be subject to removal by a majority of the then income beneficiaries of this trust as shall then have attained the age of majority and are not under a disability.

11. **PROVISIONS AS TO SPECIAL COMPANIES**

11.01 Notwithstanding anything elsewhere contained, no decision shall be made and no action shall be taken by the Trustees in relation to any of the following matters otherwise than pursuant to a written direction given by the Management Committee and actually received by the Trustees:

11.01.01 the investment and re-investment of that portion of the Trust Fund which is comprised of Special Companies and the proceeds from the sale or exchange thereof;

11.01.02 the management of any Special Companies;

11.01.03 the creation of companies which shall be designated as Special Companies; and

11.01.04 the voting of any shares stock or other securities of any Special Companies.

11.02 The Trustees shall not incur any liability, as Trustees, for any act or omission of any officer, director, agent or employee of any Special Companies. Further, the Trustees shall not incur any liability for any loss suffered by the Trust Fund as the result of any actions taken or not taken by the Trustees pursuant to directions given by the Management Committee with respect to any Special Companies, and without prejudice to the foregoing the Trustees shall be entitled to indemnification from the Trust Fund against all and any actions, claims, demands, costs and liabilities whatsoever arising from or in connection with any action taken or not taken by the Trustees pursuant to any such directions given by the Management Committee.

SECOND SCHEDULE
(Referred to in Clause 17)

PART I

Ten United States Dollars (US$10)

PART II

THE MANAGEMENT COMMITTEE

1.01 The Grantor.

1.02 The said DR. FUNG KWOK KING, VICTOR of Flat 10A, 11 Magazine Gap Road, Hong Kong.

1.03 The said FUNG KWOK LUN, WILLIAM of Flat 9B, 11 Magazine Gap Road, Hong Kong.

PART III

THE APPOINTOR

The said DR. FUNG KWOK KING, VICTOR

SIGNED by the said JULIA FUNG SHEN NAI KEE
in the presence of:

GILLIS L. HELLER. Mary Ellen Hutton

THE COMMON SEAL of CHASE BANK & TRUST COMPANY (C.I.) LIMITED was hereunto affixed in the presence of:

DIRECTOR

~~DIRECTOR~~/SECRETARY

# EXHIBIT C

## APPOINTMENT AND RESIGNATION

N A Jenner
Notary Public
PO Box 324
St Helier
Jersey
JE4 8UR

Mourant

Julia Fung Shen Nai Kee (as the Grantor)

and

Julia Fung Shen Nai Kee

Dr. Victor Fung Kwok King

William Fung Kwok Lun

(together as the Management Committee Members)

and

J.P. Morgan Trust Company (Jersey) Limited (as the Retiring Trustee)

and

HSBC Trustee (C.I.) Limited (as the New Trustee)

---

**Instrument of appointment and resignation of trustee supplemental to the "The Victor Trust"**

**Dated:** 27 AUGUST **2008**

---

Prepared from a precedent provided by
Mourant du Feu & Jeune

22 Grenville Street, St Helier, Jersey JE4 8PX, Channel Islands
T +44 (0)1534 609 000 F +44 (0)1534 609 333
www.mourant.com

Cayman | Guernsey | Jersey | London

**THIS INSTRUMENT** is made 27 AUGUST 2008 between:

(1) Julia Fung Shen Nai Kee ("**Grantor**")

(2) The said Julia Fung Shen Nai Kee

Dr. Victor Fung Kwok King

William Fung Kwok Lun

(together as "**Management Committee Members**");

(3) J.P. Morgan Trust Company (Jersey) Limited (formerly Chase Bank & Trust Company (C.I.) Limited) of JP Morgan House Grenville Street St Helier Jersey Channel Islands ("**Retiring Trustee**"); and

(4) HSBC Trustee (C.I.) Limited of 1 Grenville Street St Helier Jersey Channel Islands ("**New Trustee**").

**BACKGROUND**:

(A) This instrument is supplemental to:

(1) an instrument of trust dated 23 December 1988 ("**Trust Instrument**") and made between the Grantor and the Retiring Trustee (under its former name of Chase Bank & Trust Company (C.I.) Limited) establishing and constituting a trust known as "The Victor Trust" ("**Trust**");

(2) an instrument of declaration dated 31 January 1989 and made by the Retiring Trustee (under its former name of Chase Bank & Trust Company (C.I.) Limited);

(3) a deed of disclaimer and resignation as Appointor dated 21 September 1989 and made by the said Dr. Victor Fung Kwok King; and

(4) and all and any other documents supplemental thereto.

(B) The Retiring Trustee is the present sole trustee of the Trust.

(C) The property now subject to the trusts of the Trust ("**Trust Property**") is described in the Schedule hereto.

(D) By clause 12.01 of the Trust Instrument any Trustee may at any time resign as a Trustee hereof by an instrument in writing delivered to the Grantor and to the Management Committee.

(E) By clause 12.02 of the Trust Instrument upon a resignation in accordance with clause 12.01 of the Trust Instrument, the Management Committee shall by majority vote of its then members appoint a successor Trustee of the Trust immediately thereafter, provided, however, that if a resigning Trustee shall fail to receive notice of the appointment of a successor Trustee within seven (7) days, such Trustee shall appoint a successor Trustee as Trustee of the Trust.

(F) By clause 12.04 of the Trust Instrument any successor Trustee shall be other than the Grantor and any person who has a beneficial interest in the Trust Fund and shall, if practicable, be a banking or trust corporation or company engaged in trust business having a principal place of business in a country which could offer the Trust and its beneficiaries similar advantages with respect, primarily but without limitation, to taxation and anonymity as are now provided by the laws of Jersey, and such successor Trustee shall have all the powers, discretions and immunities granted under the Trust to the Trustees, including the aforesaid power of resignation.

(G) By clause 12.05 of the Trust Instrument each appointment of a successor Trustee shall be evidenced by an instrument in writing duly acknowledged which shall be delivered to the Grantor, the successor Trustee and to the Trustee who shall be resigning from the trust.

(H) By clause 12.06 of the Trust Instrument each appointment shall be complete upon any such successor Trustee delivering to the Grantor, to the resigning Trustee and to the Management Committee, its consent to act as Trustee which consent shall be by instrument in writing duly acknowledged.

(I) By clause 2.01 of the Trust Instrument "instrument in writing" means any instrument in writing which has been duly signed and "instrument in writing duly acknowledged" means any instrument in writing which has been duly signed, witnessed and notarized.

(J) The Grantor is the Grantor of the Trust.

(K) The Retiring Trustee is desirous of resigning from the office of trustee of the Trust and giving notice to this effect to the Grantor and the Management Committee.

(L) The Management Committee Members are the persons for the time being comprising the Management Committee.

(M) The New Trustee is not a person having a beneficial interest in the Trust Fund and is a company engaged in trust business having a principal place of business in Jersey.

(N) The Management Committee (following a majority vote of its members) has determined to appoint the New Trustee to be trustee of the Trust in place of the Retiring Trustee.

(O) The New Trustee is desirous of consenting to its appointment as a successor trustee of the Trust.

**<u>OPERATIVE PART</u>**:

1. Where the context so admits:

   (1) the expression "**Indemnified Persons**" means the Retiring Trustee and its directors officers and employees and each of them and the respective heirs successors personal representatives and estates of the Retiring Trustee and such directors officers and employees and each of them; and

   (2) other words and expressions used herein shall bear the same meanings and have the same interpretation as in the Trust Instrument.

2. The Retiring Trustee hereby resigns from the office of trustee of the Trust and the Grantor and the Management Committee hereby acknowledge receipt of the resignation of the Retiring Trustee and accept such resignation.

3. The New Trustee hereby confirms that it is not a person having a beneficial interest in the Trust Fund and is a company engaged in trust business having a principal place of business in Jersey.

4. In exercise of the aforementioned power and of every and any other power them enabling them the Management Committee Members hereby appoint the New Trustee to be trustee of the Trust in place of the Retiring Trustee.

5. The New Trustee hereby consents to its appointment as a successor trustee of the Trust.

6. The property described in the Schedule hereto and all and any other property comprising the Trust Property shall vest in the New Trustee at the date hereof and on and after such date and the Retiring Trustee hereby covenants with the New Trustee to take all and any such further action as may be reasonably necessary or desirable to vest the Trust Property in the New Trustee.

7. The New Trustee shall hold the property described in the Schedule hereto and all and any other property comprising the Trust Property upon the trusts and subject to the powers and provisions in the Trust contained so far as the same are now subsisting and capable of taking effect.

8. The Retiring Trustee hereby confirms to the best of its knowledge and belief and without prejudice to any of the indemnities herein contained that it has fulfilled its role as trustee of the Trust in accordance with the terms of the Trust Instrument and the proper law of the Trust.

9. Subject as hereinafter provided the New Trustee hereby covenants with the Retiring Trustee for itself and as trustee and agent for and on behalf of each of the Indemnified Persons that the New Trustee will at all times hereafter indemnify and save harmless the Indemnified Persons and each of them from and against all and any actions proceedings accounts costs claims and demands which may be brought or made in connection with the trusts of the Trust or in any way relating thereto or to the trust funds comprised therein from time to time or the income thereof including without prejudice to the generality of the foregoing any taxes duties or other fiscal liabilities whether or not now existing payable in any part of the world on or in respect of the said trust funds or the income thereof or any part thereof respectively or in respect of any property transferred by or to or under the control of the trustee from time to time or any person interested under the Trust and whether or not in respect of a period or event falling wholly or partly after or prior to the date hereof and whether the same shall be enforceable in law or not it being nevertheless provided that:

(1) there shall be excluded from such indemnities any liability of any of the Indemnified Persons in respect of which such Indemnified Person would not have been entitled to reimbursement or payment out of the said trust funds or the income thereof if the Retiring Trustee had remained trustee of the Trust;

(2) the event of any person (a "**Transferee**") becoming entitled to the transfer to him as beneficiary or as trustee or otherwise of the capital of the said trust funds or any part thereof (a "**Capital Amount**") the New Trustee covenants that it will not part with such Capital Amount except upon terms that such Transferee shall indemnify and save harmless the Indemnified Persons in the same terms mutatis mutandis as this clause 9 (including the provisos) save that such indemnities shall relate only to such Capital Amount and provided always that:

(a) this sub-clause (2) shall only apply to a transfer if the total value of all transfers of capital (including such transfer) made by the Trustee in the then calendar year exceeds ten per cent of the value of the capital of the Trust Property calculated as at the end of the previous calendar year; and

(b) this sub-clause (2) shall not apply to any transfer made after the tenth anniversary of the date of this instrument;

(3) the extent of the liability of the New Trustee under this clause 9 shall be limited to the said trust funds in the possession or under the control of the New Trustee at the time when notification of any such liability is received by the New Trustee save that in the event that the New Trustee shall part with any Capital Amount without obtaining an indemnity from the Transferee as required under clause 9(2) hereof any claim under or pursuant to this clause 9 against the New Trustee shall extend also to the value of such Capital Amount.

10. In the event that any of the indemnities herein contained shall be deemed to be contrary to any provision of any applicable law then the terms hereof shall be valid and binding to the extent that the same are not contrary to any provision of any applicable law.

11. The Indemnified Persons may each in their own right enforce the foregoing provisions for indemnity and any further indemnity given in accordance with clause 9(2) hereof notwithstanding that they are not all party hereto or thereto (as the case may be) and the New Trustee for itself and its successors hereby waives any right which it may have or be

able to claim under any rule of law relating to privity of contract in order to avoid its liability or obligation to indemnify in the above terms.

12. This instrument may be executed in any one or more counterparts each of which shall be an original but which together (including facsimile or scanned exchanged signed counterparts) shall constitute the same instrument.

13. This instrument shall be governed by and construed in accordance with the law of the Island of Jersey and the parties hereto hereby submit to the non-exclusive jurisdiction of the Courts of the Island of Jersey in connection herewith.

## Schedule

All monies held within a bank account numbered 7282360 held with J.P. Morgan International Bank Limited, Brussels, as at 31st July 2008 being HKD 255,420,552.86

Listed Investments:

55,825,000 shares in the issued share capital of Li & Fung Limited

Unlisted Investments:

50% of the entire issued share capital of King Lun Holdings Limited represented by 1,332,840 shares of HK$10 each
100% of the entire issued share capital of Elington Developments Limited represented by 2 shares of US$1 each
100% of the entire issued share capital of Wing Yue Ardmore Pte Ltd (formerly known as Gavino PTE Ltd) represented by 2 shares of S$1 each
100% of the entire issued share capital of First Island Developments Limited represented by 2 shares of US$1 each
100% of the entire issued share capital of Equity Harvest Limited represented by 2 shares of US$1 each
50% of the entire issued share capital of Global Intelligence Limited represented by 2 shares of US$1 each

## Loans Receivable

| | US$ |
|---|---|
| Elington Developments Limited as at 31st July 2008 (HKD 28,999,034) | 3,716,89~~4~~2 |
| Wing Yue Ardmore Pte Ltd (formerly known as Gavino PTE Ltd) as at 31st July 2008 | 2,012,282 |
| First Island Developments Limited as at 31st July 2008 | 31,992,272 |
| Equity Harvest Limited as at 31st July 2008 | 32,904,356 |
| Global Intelligence Limited as at 31st July 2008 (HKD 15,692,642) | 2,011,37~~2~~4 |

## Loan Payable

King Lun Holdings Limited (HKD 292,671,087) as at 31st July 2008 US$37,512,532

**IN WITNESS** whereof the parties hereto have executed this instrument in counterpart each appending their date of signature with the last date being the effective date of the instrument.

**SIGNED**

**by** William Fung Kwok Lun

______________________________

in the presence of:

Witnesses:

Signature: ____________________

Name: ____________________

Occupation: ____________________

Address: ____________________

____________________

Date:

**NOTARISED BY**:

**SIGNED**

**by** Julia Fung Shen Nai Kee (as Grantor)

______________________________

in the presence of:

Witness:

Signature: ____________________

Name: ____________________

Occupation: ____________________

Address: ____________________

____________________

Date:

**SIGNED**

**by** Julia Fung Shen Nai Kee

______________________________

in the presence of:

Witness:

Signature: ____________________

Name: ____________________

Occupation: ____________________

Address: ____________________

____________________

Date:

**SIGNED**

**by** Dr. Victor Fung Kwok King

______________________________

in the presence of:

Witnesses:

Signature: ____________________

Name: ____________________

Occupation: ____________________

Address: ____________________

____________________

Date:

**NOTARISED BY**:

**THE COMMON SEAL** of
J.P. MORGAN TRUST COMPANY (JERSEY) LIMITED
was hereunto affixed by:

"A" Sealing committee member:

"B" Sealing committee member:

in the presence of:

Witness:

Date:

**NOTARISED BY**:

**THE COMMON SEAL** of
HSBC TRUSTEE (C.I.) LIMITED
was hereunto affixed in the presence of:

Authorised signatory:

Authorised signatory:

Date: 27 AUGUST 2008

**NOTARISED BY**:

27th August 2008

N. A. JENNER
NOTARY PUBLIC
P.O. BOX 324
ST. HELIER
JE4 8UE
TEL: 07797 821959

N. A. JENNER
NOTARY PUBLIC
P.O. BOX 324
ST. HELIER
JE4 8UE
TEL: 07797 821959

N A Jeune Notary Public PO Box 324 St Helier Jersey JE4 8UZ

Mourant

Julia Fung Shen Nai Kee (as the Grantor)

and

Julia Fung Shen Nai Kee

Dr. Victor Fung Kwok King

William Fung Kwok Lun

(together as the Management Committee Members)

and

J.P. Morgan Trust Company (Jersey) Limited (as the Retiring Trustee)

and

HSBC Trustee (C.I.) Limited (as the New Trustee)

---

**Instrument of appointment and resignation of trustee supplemental to the "The Victor Trust"**

**Dated:** 27th August **2008**

---

Prepared from a precedent provided by
Mourant du Feu & Jeune

22 Grenville Street, St Helier, Jersey JE4 8PX, Channel Islands
T +44 (0)1534 609 000 F +44 (0)1534 609 333
www.mourant.com

Cayman | Guernsey | Jersey | London

2038327/GIESH/MdFJ/1158636/6

**THIS INSTRUMENT** is made 2008 between:

(1) Julia Fung Shen Nai Kee (**"Grantor"**)

(2) The said Julia Fung Shen Nai Kee

Dr. Victor Fung Kwok King

William Fung Kwok Lun

(together as **"Management Committee Members"**);

(3) J.P. Morgan Trust Company (Jersey) Limited (formerly Chase Bank & Trust Company (C.I.) Limited) of JP Morgan House Grenville Street St Helier Jersey Channel Islands (**"Retiring Trustee"**); and

(4) HSBC Trustee (C.I.) Limited of 1 Grenville Street St Helier Jersey Channel Islands (**"New Trustee"**).

**BACKGROUND**:

(A) This instrument is supplemental to:

(1) an instrument of trust dated 23 December 1988 (**"Trust Instrument"**) and made between the Grantor and the Retiring Trustee (under its former name of Chase Bank & Trust Company (C.I.) Limited) establishing and constituting a trust known as "The Victor Trust" (**"Trust"**);

(2) an instrument of declaration dated 31 January 1989 and made by the Retiring Trustee (under its former name of Chase Bank & Trust Company (C.I.) Limited);

(3) a deed of disclaimer and resignation as Appointor dated 21 September 1989 and made by the said Dr. Victor Fung Kwok King; and

(4) and all and any other documents supplemental thereto.

(B) The Retiring Trustee is the present sole trustee of the Trust.

(C) The property now subject to the trusts of the Trust (**"Trust Property"**) is described in the Schedule hereto.

(D) By clause 12.01 of the Trust Instrument any Trustee may at any time resign as a Trustee hereof by an instrument in writing delivered to the Grantor and to the Management Committee.

(E) By clause 12.02 of the Trust Instrument upon a resignation in accordance with clause 12.01 of the Trust Instrument, the Management Committee shall by majority vote of its then members appoint a successor Trustee of the Trust immediately thereafter, provided, however, that if a resigning Trustee shall fail to receive notice of the appointment of a successor Trustee within seven (7) days, such Trustee shall appoint a successor Trustee as Trustee of the Trust.

(F) By clause 12.04 of the Trust Instrument any successor Trustee shall be other than the Grantor and any person who has a beneficial interest in the Trust Fund and shall, if practicable, be a banking or trust corporation or company engaged in trust business having a principal place of business in a country which could offer the Trust and its beneficiaries similar advantages with respect, primarily but without limitation, to taxation and anonymity as are now provided by the laws of Jersey, and such successor Trustee shall have all the powers, discretions and immunities granted under the Trust to the Trustees, including the aforesaid power of resignation.

(G) By clause 12.05 of the Trust Instrument each appointment of a successor Trustee shall be evidenced by an instrument in writing duly acknowledged which shall be delivered to the Grantor, the successor Trustee and to the Trustee who shall be resigning from the trust.

(H) By clause 12.06 of the Trust Instrument each appointment shall be complete upon any such successor Trustee delivering to the Grantor, to the resigning Trustee and to the Management Committee, its consent to act as Trustee which consent shall be by instrument in writing duly acknowledged.

(I) By clause 2.01 of the Trust Instrument "instrument in writing" means any instrument in writing which has been duly signed and "*instrument in writing* duly acknowledged" means any instrument in writing which has been duly signed, witnessed and notarized.

(J) The Grantor is the Grantor of the Trust.

(K) The Retiring Trustee is desirous of resigning from the office of trustee of the Trust and giving notice to this effect to the Grantor and the Management Committee.

(L) The Management Committee Members are the persons for the time being comprising the Management Committee.

(M) The New Trustee is not a person having a beneficial interest in the Trust Fund and is a company engaged in trust business having a principal place of business in Jersey.

(N) The Management Committee (following a majority vote of its members) has determined to appoint the New Trustee to be trustee of the Trust in place of the Retiring Trustee.

(O) The New Trustee is desirous of consenting to its appointment as a successor trustee of the Trust.

**OPERATIVE PART**:

1. Where the context so admits:

   (1) the expression "**Indemnified Persons**" means the Retiring Trustee and its directors officers and employees and each of them and the respective heirs successors personal representatives and estates of the Retiring Trustee and such *directors officers and employees and each of them; and*

   (2) other words and expressions used herein shall bear the same meanings and have the same interpretation as in the Trust Instrument.

2. The Retiring Trustee hereby resigns from the office of trustee of the Trust and the Grantor and the Management Committee hereby acknowledge receipt of the resignation of the *Retiring Trustee and accept such resignation.*

3. The New Trustee hereby confirms that it is not a person having a beneficial interest in the Trust Fund and is a company engaged in trust business having a principal place of business in Jersey.

4. In exercise of the aforementioned power and of every and any other power them enabling them the Management Committee Members hereby appoint the New Trustee to be trustee of the Trust in place of the Retiring Trustee.

5. The New Trustee hereby consents to its appointment as a successor trustee of the Trust.

6. The property described in the Schedule hereto and all and any other property comprising the Trust Property shall vest in the New Trustee at the date hereof and on and after such date and the Retiring Trustee hereby covenants with the New Trustee to take all and any such further action as may be reasonably necessary or desirable to vest the Trust Property in the New Trustee.

7. The New Trustee shall hold the property described in the Schedule hereto and all and any other property comprising the Trust Property upon the trusts and subject to the powers and provisions in the Trust contained so far as the same are now subsisting and capable of taking effect.

8. The Retiring Trustee hereby confirms to the best of its knowledge and belief and without prejudice to any of the indemnities herein contained that it has fulfilled its role as trustee of the Trust in accordance with the terms of the Trust Instrument and the proper law of the Trust.

9. Subject as hereinafter provided the New Trustee hereby covenants with the Retiring Trustee for itself and as trustee and agent for and on behalf of each of the Indemnified Persons that the New Trustee will at all times hereafter indemnify and save harmless the Indemnified Persons and each of them from and against all and any actions proceedings accounts costs claims and demands which may be brought or made in connection with the trusts of the Trust or in any way relating thereto or to the trust funds comprised therein from time to time or the income thereof including without prejudice to the generality of the foregoing any taxes duties or other fiscal liabilities whether or not now existing payable in any part of the world on or in respect of the said trust funds or the income thereof or any part thereof respectively or in respect of any property transferred by or to or under the control of the trustee from time to time or any person interested under the Trust and whether or not in respect of a period or event falling wholly or partly after or prior to the date hereof and whether the same shall be enforceable in law or not it being nevertheless provided that:

(1) there shall be excluded from such indemnities any liability of any of the Indemnified Persons in respect of which such Indemnified Person would not have been entitled to reimbursement or payment out of the said trust funds or the income thereof if the Retiring Trustee had remained trustee of the Trust;

(2) the event of any person (a "**Transferee**") becoming entitled to the transfer to him as beneficiary or as trustee or otherwise of the capital of the said trust funds or any part thereof (a "**Capital Amount**") the New Trustee covenants that it will not part with such Capital Amount except upon terms that such Transferee shall indemnify and save harmless the Indemnified Persons in the same terms mutatis mutandis as this clause 9 (including the provisos) save that such indemnities shall relate only to such Capital Amount and provided always that:

(a) this sub-clause (2) shall only apply to a transfer if the total value of all transfers of capital (including such transfer) made by the Trustee in the then calendar year exceeds ten per cent of the value of the capital of the Trust Property calculated as at the end of the previous calendar year; and

(b) this sub-clause (2) shall not apply to any transfer made after the tenth anniversary of the date of this instrument;

(3) the extent of the liability of the New Trustee under this clause 9 shall be limited to the said trust funds in the possession or under the control of the New Trustee at the time when notification of any such liability is received by the New Trustee save that in the event that the New Trustee shall part with any Capital Amount without obtaining an indemnity from the Transferee as required under clause 9(2) hereof any claim under or pursuant to this clause 9 against the New Trustee shall extend also to the value of such Capital Amount.

10. In the event that any of the indemnities herein contained shall be deemed to be contrary to any provision of any applicable law then the terms hereof shall be valid and binding to the extent that the same are not contrary to any provision of any applicable law.

11. The Indemnified Persons may each in their own right enforce the foregoing provisions for indemnity and any further indemnity given in accordance with clause 9(2) hereof notwithstanding that they are not all party hereto or thereto (as the case may be) and the New Trustee for itself and its successors hereby waives any right which it may have or be

able to claim under any rule of law relating to privity of contract in order to avoid its liability or obligation to indemnify in the above terms.

12. This instrument may be executed in any one or more counterparts each of which shall be an original but which together (including facsimile or scanned exchanged signed counterparts) shall constitute the same instrument.

13. This instrument shall be governed by and construed in accordance with the law of the Island of Jersey and the parties hereto hereby submit to the non-exclusive jurisdiction of the Courts of the Island of Jersey in connection herewith.

**Schedule**

All monies held within a bank account numbered 7282360 held with J.P. Morgan International Bank Limited, Brussels, as at 31st July 2008 being HKD 255,420,552.86

Listed Investments:

55,825,000 shares in the issued share capital of Li & Fung Limited

Unlisted Investments:

50% of the entire issued share capital of King Lun Holdings Limited represented by 1,332,840 shares of HK$10 each
100% of the entire issued share capital of Elington Developments Limited represented by 2 shares of US$1 each
100% of the entire issued share capital of Wing Yue Ardmore Pte Ltd (formerly known as Gavino PTE Ltd) represented by 2 shares of S$1 each
100% of the entire issued share capital of First Island Developments Limited represented by 2 shares of US$1 each
100% of the entire issued share capital of Equity Harvest Limited represented by 2 shares of US$1 each
50% of the entire issued share capital of Global Intelligence Limited represented by 2 shares of US$1 each

**Loans Receivable**

| | US$ |
|---|---|
| Elington Developments Limited as at 31st July 2008 (HKD 28,999,034) | 3,716,892 |
| Wing Yue Ardmore Pte Ltd (formerly known as Gavino PTE Ltd) as at 31st July 2008 | 2,012,282 |
| First Island Developments Limited as at 31st July 2008 | 31,992,272 |
| Equity Harvest Limited as at 31st July 2008 | 32,904,356 |
| Global Intelligence Limited as at 31st July 2008 (HKD 15,692,642) | 2,011,374 |

**Loan Payable**

King Lun Holdings Limited (HKD 292,671,087) as at 31st July 2008 US$37,512,532

**IN WITNESS** whereof the parties hereto have executed this instrument in counterpart each appending their date of signature with the last date being the effective date of the instrument.

**SIGNED**

**by** William Fung Kwok Lun

______________________________

in the presence of:

Witnesses:

Signature: ____________________

Name: ____________________

Occupation: ____________________

Address: ____________________

____________________

Date:

**NOTARISED BY**:

**SIGNED**

**by** Julia Fung Shen Nai Kee (as Grantor)

______________________________

in the presence of:

Witness:

Signature: ____________________

Name: ____________________

Occupation: ____________________

Address: ____________________

____________________

Date:

**SIGNED**

**by** Julia Fung Shen Nai Kee

______________________________

in the presence of:

Witness:

Signature: ____________________

Name: ____________________

Occupation: ____________________

Address: ____________________

____________________

Date:

**SIGNED**

**by** Dr. Victor Fung Kwok King

______________________________

in the presence of:

Witnesses:

Signature: ____________________

Name: ____________________

Occupation: ____________________

Address: ____________________

____________________

Date:

**NOTARISED BY:**

2038327/GIESH/MdFJ/1158636/6

**THE COMMON SEAL** of
J.P. MORGAN TRUST COMPANY (JERSEY) LIMITED
was hereunto affixed by:



"A" Sealing committee member:
NORAH A ROBERTS

"B" Sealing committee member:
KATHY MACQUEEN

in the presence of:

Witness: LINDA CARDEN

Date: 24th August 2008

**NOTARISED BY**:
27 August 2008

N. A. JENNER
NOTARY PUBLIC
P.O. BOX 324
ST. HELIER
JE4 8UE
TEL: 07797 821959



**THE COMMON SEAL** of
HSBC TRUSTEE (C.I.) LIMITED
was hereunto affixed in the presence of:

Authorised signatory:

Authorised signatory:

Date:

**NOTARISED BY**:

N. A. JENNER
NOTARY PUBLIC
P.O. BOX 324
ST HELIER
JE4 8UE
TEL: 07797 821959

Mourant

Julia Fung Shen Nai Kee (as the Grantor)

and

Julia Fung Shen Nai Kee

Dr. Victor Fung Kwok King

William Fung Kwok Lun

(together as the Management Committee Members)

and

J.P. Morgan Trust Company (Jersey) Limited (as the Retiring Trustee)

and

HSBC Trustee (C.I.) Limited (as the New Trustee)

---

**Instrument of appointment and resignation of trustee supplemental to the "The Victor Trust"**

**Dated: 2008**

---

Prepared from a precedent provided by
Mourant du Feu & Jeune

22 Grenville Street, St Helier, Jersey JE4 8PX, Channel Islands
T +44 (0)1534 609 000 F +44 (0)1534 609 333
www.mourant.com

Cayman | Guernsey | Jersey | London

**THIS INSTRUMENT** is made 2008 between:

(1) Julia Fung Shen Nai Kee ("**Grantor**")

(2) The said Julia Fung Shen Nai Kee

Dr. Victor Fung Kwok King

William Fung Kwok Lun

(together as "**Management Committee Members**");

(3) J.P. Morgan Trust Company (Jersey) Limited (formerly Chase Bank & Trust Company (C.I.) Limited) of JP Morgan House Grenville Street St Helier Jersey Channel Islands ("**Retiring Trustee**"); and

(4) HSBC Trustee (C.I.) Limited of 1 Grenville Street St Helier Jersey Channel Islands ("**New Trustee**").

**BACKGROUND**:

(A) This instrument is supplemental to:

(1) an instrument of trust dated 23 December 1988 ("**Trust Instrument**") and made between the Grantor and the Retiring Trustee (under its former name of Chase Bank & Trust Company (C.I.) Limited) establishing and constituting a trust known as "The Victor Trust" ("**Trust**");

(2) an instrument of declaration dated 31 January 1989 and made by the Retiring Trustee (under its former name of Chase Bank & Trust Company (C.I.) Limited);

(3) a deed of disclaimer and resignation as Appointor dated 21 September 1989 and made by the said Dr. Victor Fung Kwok King; and

(4) and all and any other documents supplemental thereto.

(B) The Retiring Trustee is the present sole trustee of the Trust.

(C) The property now subject to the trusts of the Trust ("**Trust Property**") is described in the Schedule hereto.

(D) By clause 12.01 of the Trust Instrument any Trustee may at any time resign as a Trustee hereof by an instrument in writing delivered to the Grantor and to the Management Committee.

(E) By clause 12.02 of the Trust Instrument upon a resignation in accordance with clause 12.01 of the Trust Instrument, the Management Committee shall by majority vote of its then members appoint a successor Trustee of the Trust immediately thereafter, provided, however, that if a resigning Trustee shall fail to receive notice of the appointment of a successor Trustee within seven (7) days, such Trustee shall appoint a successor Trustee as Trustee of the Trust.

(F) By clause 12.04 of the Trust Instrument any successor Trustee shall be other than the Grantor and any person who has a beneficial interest in the Trust Fund and shall, if practicable, be a banking or trust corporation or company engaged in trust business having a principal place of business in a country which could offer the Trust and its beneficiaries similar advantages with respect, primarily but without limitation, to taxation and anonymity as are now provided by the laws of Jersey, and such successor Trustee shall have all the powers, discretions and immunities granted under the Trust to the Trustees, including the aforesaid power of resignation.

(G) By clause 12.05 of the Trust Instrument each appointment of a successor Trustee shall be evidenced by an instrument in writing duly acknowledged which shall be delivered to the Grantor, the successor Trustee and to the Trustee who shall be resigning from the trust.

(H) By clause 12.06 of the Trust Instrument each appointment shall be complete upon any such successor Trustee delivering to the Grantor, to the resigning Trustee and to the Management Committee, its consent to act as Trustee which consent shall be by instrument in writing duly acknowledged.

(I) By clause 2.01 of the Trust Instrument "instrument in writing" means any instrument in writing which has been duly signed and "instrument in writing duly acknowledged" means any instrument in writing which has been duly signed, witnessed and notarized.

(J) The Grantor is the Grantor of the Trust.

(K) The Retiring Trustee is desirous of resigning from the office of trustee of the Trust and giving notice to this effect to the Grantor and the Management Committee.

(L) The Management Committee Members are the persons for the time being comprising the Management Committee.

(M) The New Trustee is not a person having a beneficial interest in the Trust Fund and is a company engaged in trust business having a principal place of business in Jersey.

(N) The Management Committee (following a majority vote of its members) has determined to appoint the New Trustee to be trustee of the Trust in place of the Retiring Trustee.

(O) The New Trustee is desirous of consenting to its appointment as a successor trustee of the Trust.

**<u>OPERATIVE PART</u>**:

1. Where the context so admits:

   (1) the expression "**Indemnified Persons**" means the Retiring Trustee and its directors officers and employees and each of them and the respective heirs successors personal representatives and estates of the Retiring Trustee and such directors officers and employees and each of them; and

   (2) other words and expressions used herein shall bear the same meanings and have the same interpretation as in the Trust Instrument.

2. The Retiring Trustee hereby resigns from the office of trustee of the Trust and the Grantor and the Management Committee hereby acknowledge receipt of the resignation of the Retiring Trustee and accept such resignation.

3. The New Trustee hereby confirms that it is not a person having a beneficial interest in the Trust Fund and is a company engaged in trust business having a principal place of business in Jersey.

4. In exercise of the aforementioned power and of every and any other power them enabling them the Management Committee Members hereby appoint the New Trustee to be trustee of the Trust in place of the Retiring Trustee.

5. The New Trustee hereby consents to its appointment as a successor trustee of the Trust.

6. The property described in the Schedule hereto and all and any other property comprising the Trust Property shall vest in the New Trustee at the date hereof and on and after such date and the Retiring Trustee hereby covenants with the New Trustee to take all and any such further action as may be reasonably necessary or desirable to vest the Trust Property in the New Trustee.

7. The New Trustee shall hold the property described in the Schedule hereto and all and any other property comprising the Trust Property upon the trusts and subject to the powers and provisions in the Trust contained so far as the same are now subsisting and capable of taking effect.

8. The Retiring Trustee hereby confirms to the best of its knowledge and belief and without prejudice to any of the indemnities herein contained that it has fulfilled its role as trustee of the Trust in accordance with the terms of the Trust Instrument and the proper law of the Trust.

9. Subject as hereinafter provided the New Trustee hereby covenants with the Retiring Trustee for itself and as trustee and agent for and on behalf of each of the Indemnified Persons that the New Trustee will at all times hereafter indemnify and save harmless the Indemnified Persons and each of them from and against all and any actions proceedings accounts costs claims and demands which may be brought or made in connection with the trusts of the Trust or in any way relating thereto or to the trust funds comprised therein from time to time or the income thereof including without prejudice to the generality of the foregoing any taxes duties or other fiscal liabilities whether or not now existing payable in any part of the world on or in respect of the said trust funds or the income thereof or any part thereof respectively or in respect of any property transferred by or to or under the control of the trustee from time to time or any person interested under the Trust and whether or not in respect of a period or event falling wholly or partly after or prior to the date hereof and whether the same shall be enforceable in law or not it being nevertheless provided that:

   (1) there shall be excluded from such indemnities any liability of any of the Indemnified Persons in respect of which such Indemnified Person would not have been entitled to reimbursement or payment out of the said trust funds or the income thereof if the Retiring Trustee had remained trustee of the Trust;

   (2) the event of any person (a "**Transferee**") becoming entitled to the transfer to him as beneficiary or as trustee or otherwise of the capital of the said trust funds or any part thereof (a "**Capital Amount**") the New Trustee covenants that it will not part with such Capital Amount except upon terms that such Transferee shall indemnify and save harmless the Indemnified Persons in the same terms mutatis mutandis as this clause 9 (including the provisos) save that such indemnities shall relate only to such Capital Amount and provided always that:

      (a) this sub-clause (2) shall only apply to a transfer if the total value of all transfers of capital (including such transfer) made by the Trustee in the then calendar year exceeds ten per cent of the value of the capital of the Trust Property calculated as at the end of the previous calendar year; and

      (b) this sub-clause (2) shall not apply to any transfer made after the tenth anniversary of the date of this instrument;

   (3) the extent of the liability of the New Trustee under this clause 9 shall be limited to the said trust funds in the possession or under the control of the New Trustee at the time when notification of any such liability is received by the New Trustee save that in the event that the New Trustee shall part with any Capital Amount without obtaining an indemnity from the Transferee as required under clause 9(2) hereof any claim under or pursuant to this clause 9 against the New Trustee shall extend also to the value of such Capital Amount.

10. In the event that any of the indemnities herein contained shall be deemed to be contrary to any provision of any applicable law then the terms hereof shall be valid and binding to the extent that the same are not contrary to any provision of any applicable law.

11. The Indemnified Persons may each in their own right enforce the foregoing provisions for indemnity and any further indemnity given in accordance with clause 9(2) hereof notwithstanding that they are not all party hereto or thereto (as the case may be) and the New Trustee for itself and its successors hereby waives any right which it may have or be

able to claim under any rule of law relating to privity of contract in order to avoid its liability or obligation to indemnify in the above terms.

12. This instrument may be executed in any one or more counterparts each of which shall be an original but which together (including facsimile or scanned exchanged signed counterparts) shall constitute the same instrument.

13. This instrument shall be governed by and construed in accordance with the law of the Island of Jersey and the parties hereto hereby submit to the non-exclusive jurisdiction of the Courts of the Island of Jersey in connection herewith.

## Schedule

All monies held within a bank account numbered 7282360 held with J.P. Morgan International Bank Limited, Brussels, as at 31st July 2008 being HKD 255,420,552.86

Listed Investments:

55,825,000 shares in the issued share capital of Li & Fung Limited

Unlisted Investments:

50% of the entire issued share capital of King Lun Holdings Limited represented by 1,332,840 shares of HK$10 each
100% of the entire issued share capital of Elington Developments Limited represented by 2 shares of US$1 each
100% of the entire issued share capital of Wing Yue Ardmore Pte Ltd (formerly known as Gavino PTE Ltd) represented by 2 shares of S$1 each
100% of the entire issued share capital of First Island Developments Limited represented by 2 shares of US$1 each
100% of the entire issued share capital of Equity Harvest Limited represented by 2 shares of US$1 each
50% of the entire issued share capital of Global Intelligence Limited represented by 2 shares of US$1 each

## Loans Receivable

| | US$ |
|---|---|
| Elington Developments Limited as at 31st July 2008 (HKD 28,999,034) | 3,716,892 |
| Wing Yue Ardmore Pte Ltd (formerly known as Gavino PTE Ltd) as at 31st July 2008 | 2,012,282 |
| First Island Developments Limited as at 31st July 2008 | 31,992,272 |
| Equity Harvest Limited as at 31st July 2008 | 32,904,356 |
| Global Intelligence Limited as at 31st July 2008 (HKD 15,692,642) | 2,011,374 |

## Loan Payable

| | |
|---|---|
| King Lun Holdings Limited (HKD 292,671,087) as at 31st July 2008 | US$37,512,532 |

**IN WITNESS** whereof the parties hereto have executed this instrument in counterpart each appending their date of signature with the last date being the effective date of the instrument.

**SIGNED**

**by** William Fung Kwok Lun

in the presence of:

Witnesses:

Signature:

Name: John Fortescue Payne

Occupation: Notary Public, Hong Kong SAR,

Address: 16th-19th Floors, Prince's Building, Central, Hong Kong.

Date: 25 August 2008

**NOTARISED BY**:

2038327/GIESH/MdFJ/1158636/6

**SIGNED**

**by** Julia Fung Shen Nai Kee (as Grantor)

in the presence of:

Witness:

Signature:

Name: John Fortescue Payne

Occupation: Notary Public, Hong Kong SAR,

Address: 16th-19th Floors, Prince's Building, Central, Hong Kong.

Date: 27 August 2008

**SIGNED**

**by** Julia Fung Shen Nai Kee

in the presence of:

Witness:

Signature:

Name: John Fortescue Payne

Occupation: Notary Public, Hong Kong SAR,

Address: 16th-19th Floors, Prince's Building, Central, Hong Kong.

Date: 27 August 2008

**SIGNED**

**by** Dr. Victor Fung Kwok King

in the presence of:

Witnesses:

Signature:

Name: John Fortescue Payne

Occupation: Notary Public, Hong Kong SAR,

Address: 16th-19th Floors, Prince's Building, Central, Hong Kong.

Date: 27 August 2008

**NOTARISED BY**:

***__THE COMMON SEAL__*** of
J.P. MORGAN TRUST COMPANY (JERSEY) LIMITED
was hereunto affixed by:

"A" Sealing committee member:

"B" Sealing committee member:

in the presence of:

Witness:

Date:

**__NOTARISED BY__**:

**THE COMMON SEAL** of
HSBC TRUSTEE (C.I.) LIMITED
was hereunto affixed in the presence of:

Authorised signatory:

Authorised signatory:

Date:

**NOTARISED BY**:

Mourant

Julia Fung Shen Nai Kee (as the Grantor)

and

Julia Fung Shen Nai Kee

Dr. Victor Fung Kwok King

William Fung Kwok Lun

(together as the Management Committee Members)

and

J.P. Morgan Trust Company (Jersey) Limited (as the Retiring Trustee)

and

HSBC Trustee (C.I.) Limited (as the New Trustee)

---

**Instrument of appointment and resignation of trustee supplemental to the "The Victor Trust"**

**Dated: 2008**

---

Prepared from a precedent provided by
Mourant du Feu & Jeune

22 Grenville Street, St Helier, Jersey JE4 8PX, Channel Islands
T +44 (0)1534 609 000 F +44 (0)1534 609 333
www.mourant.com

Cayman | Guernsey | Jersey | London

**THIS INSTRUMENT** is made 2008 between:

(1) Julia Fung Shen Nai Kee ("**Grantor**")

(2) The said Julia Fung Shen Nai Kee

Dr. Victor Fung Kwok King

William Fung Kwok Lun

(together as "**Management Committee Members**");

(3) J.P. Morgan Trust Company (Jersey) Limited (formerly Chase Bank & Trust Company (C.I.) Limited) of JP Morgan House Grenville Street St Helier Jersey Channel Islands ("**Retiring Trustee**"); and

(4) HSBC Trustee (C.I.) Limited of 1 Grenville Street St Helier Jersey Channel Islands ("**New Trustee**").

**BACKGROUND**:

(A) This instrument is supplemental to:

(1) an instrument of trust dated 23 December 1988 ("**Trust Instrument**") and made between the Grantor and the Retiring Trustee (under its former name of Chase Bank & Trust Company (C.I.) Limited) establishing and constituting a trust known as "The Victor Trust" ("**Trust**");

(2) an instrument of declaration dated 31 January 1989 and made by the Retiring Trustee (under its former name of Chase Bank & Trust Company (C.I.) Limited);

(3) a deed of disclaimer and resignation as Appointor dated 21 September 1989 and made by the said Dr. Victor Fung Kwok King; and

(4) and all and any other documents supplemental thereto.

(B) The Retiring Trustee is the present sole trustee of the Trust.

(C) The property now subject to the trusts of the Trust ("**Trust Property**") is described in the Schedule hereto.

(D) By clause 12.01 of the Trust Instrument any Trustee may at any time resign as a Trustee hereof by an instrument in writing delivered to the Grantor and to the Management Committee.

(E) By clause 12.02 of the Trust Instrument upon a resignation in accordance with clause 12.01 of the Trust Instrument, the Management Committee shall by majority vote of its then members appoint a successor Trustee of the Trust immediately thereafter, provided, however, that if a resigning Trustee shall fail to receive notice of the appointment of a successor Trustee within seven (7) days, such Trustee shall appoint a successor Trustee as Trustee of the Trust.

(F) By clause 12.04 of the Trust Instrument any successor Trustee shall be other than the Grantor and any person who has a beneficial interest in the Trust Fund and shall, if practicable, be a banking or trust corporation or company engaged in trust business having a principal place of business in a country which could offer the Trust and its beneficiaries similar advantages with respect, primarily but without limitation, to taxation and anonymity as are now provided by the laws of Jersey, and such successor Trustee shall have all the powers, discretions and immunities granted under the Trust to the Trustees, including the aforesaid power of resignation.

(G) By clause 12.05 of the Trust Instrument each appointment of a successor Trustee shall be evidenced by an instrument in writing duly acknowledged which shall be delivered to the Grantor, the successor Trustee and to the Trustee who shall be resigning from the trust.

(H) By clause 12.06 of the Trust Instrument each appointment shall be complete upon any such successor Trustee delivering to the Grantor, to the resigning Trustee and to the Management Committee, its consent to act as Trustee which consent shall be by instrument in writing duly acknowledged.

(I) By clause 2.01 of the Trust Instrument "instrument in writing" means any instrument in writing which has been duly signed and "instrument in writing duly acknowledged" means any instrument in writing which has been duly signed, witnessed and notarized.

(J) The Grantor is the Grantor of the Trust.

(K) The Retiring Trustee is desirous of resigning from the office of trustee of the Trust and giving notice to this effect to the Grantor and the Management Committee.

(L) The Management Committee Members are the persons for the time being comprising the Management Committee.

(M) The New Trustee is not a person having a beneficial interest in the Trust Fund and is a company engaged in trust business having a principal place of business in Jersey.

(N) The Management Committee (following a majority vote of its members) has determined to appoint the New Trustee to be trustee of the Trust in place of the Retiring Trustee.

(O) The New Trustee is desirous of consenting to its appointment as a successor trustee of the Trust.

**OPERATIVE PART**:

1. Where the context so admits:

   (1) the expression "**Indemnified Persons**" means the Retiring Trustee and its directors officers and employees and each of them and the respective heirs successors personal representatives and estates of the Retiring Trustee and such directors officers and employees and each of them; and

   (2) other words and expressions used herein shall bear the same meanings and have the same interpretation as in the Trust Instrument.

2. The Retiring Trustee hereby resigns from the office of trustee of the Trust and the Grantor and the Management Committee hereby acknowledge receipt of the resignation of the Retiring Trustee and accept such resignation.

3. The New Trustee hereby confirms that it is not a person having a beneficial interest in the Trust Fund and is a company engaged in trust business having a principal place of business in Jersey.

4. In exercise of the aforementioned power and of every and any other power them enabling them the Management Committee Members hereby appoint the New Trustee to be trustee of the Trust in place of the Retiring Trustee.

5. The New Trustee hereby consents to its appointment as a successor trustee of the Trust.

6. The property described in the Schedule hereto and all and any other property comprising the Trust Property shall vest in the New Trustee at the date hereof and on and after such date and the Retiring Trustee hereby covenants with the New Trustee to take all and any such further action as may be reasonably necessary or desirable to vest the Trust Property in the New Trustee.

7. The New Trustee shall hold the property described in the Schedule hereto and all and any other property comprising the Trust Property upon the trusts and subject to the powers and provisions in the Trust contained so far as the same are now subsisting and capable of taking effect.

8. The Retiring Trustee hereby confirms to the best of its knowledge and belief and without prejudice to any of the indemnities herein contained that it has fulfilled its role as trustee of the Trust in accordance with the terms of the Trust Instrument and the proper law of the Trust.

9. Subject as hereinafter provided the New Trustee hereby covenants with the Retiring Trustee for itself and as trustee and agent for and on behalf of each of the Indemnified Persons that the New Trustee will at all times hereafter indemnify and save harmless the Indemnified Persons and each of them from and against all and any actions proceedings accounts costs claims and demands which may be brought or made in connection with the trusts of the Trust or in any way relating thereto or to the trust funds comprised therein from time to time or the income thereof including without prejudice to the generality of the foregoing any taxes duties or other fiscal liabilities whether or not now existing payable in any part of the world on or in respect of the said trust funds or the income thereof or any part thereof respectively or in respect of any property transferred by or to or under the control of the trustee from time to time or any person interested under the Trust and whether or not in respect of a period or event falling wholly or partly after or prior to the date hereof and whether the same shall be enforceable in law or not it being nevertheless provided that:

(1) there shall be excluded from such indemnities any liability of any of the Indemnified Persons in respect of which such Indemnified Person would not have been entitled to reimbursement or payment out of the said trust funds or the income thereof if the Retiring Trustee had remained trustee of the Trust;

(2) the event of any person (a "**Transferee**") becoming entitled to the transfer to him as beneficiary or as trustee or otherwise of the capital of the said trust funds or any part thereof (a "**Capital Amount**") the New Trustee covenants that it will not part with such Capital Amount except upon terms that such Transferee shall indemnify and save harmless the Indemnified Persons in the same terms mutatis mutandis as this clause 9 (including the provisos) save that such indemnities shall relate only to such Capital Amount and provided always that:

(a) this sub-clause (2) shall only apply to a transfer if the total value of all transfers of capital (including such transfer) made by the Trustee in the then calendar year exceeds ten per cent of the value of the capital of the Trust Property calculated as at the end of the previous calendar year; and

(b) this sub-clause (2) shall not apply to any transfer made after the tenth anniversary of the date of this instrument;

(3) the extent of the liability of the New Trustee under this clause 9 shall be limited to the said trust funds in the possession or under the control of the New Trustee at the time when notification of any such liability is received by the New Trustee save that in the event that the New Trustee shall part with any Capital Amount without obtaining an indemnity from the Transferee as required under clause 9(2) hereof any claim under or pursuant to this clause 9 against the New Trustee shall extend also to the value of such Capital Amount.

10. In the event that any of the indemnities herein contained shall be deemed to be contrary to any provision of any applicable law then the terms hereof shall be valid and binding to the extent that the same are not contrary to any provision of any applicable law.

11. The Indemnified Persons may each in their own right enforce the foregoing provisions for indemnity and any further indemnity given in accordance with clause 9(2) hereof notwithstanding that they are not all party hereto or thereto (as the case may be) and the New Trustee for itself and its successors hereby waives any right which it may have or be

able to claim under any rule of law relating to privity of contract in order to avoid its liability or obligation to indemnify in the above terms.

12. This instrument may be executed in any one or more counterparts each of which shall be an original but which together (including facsimile or scanned exchanged signed counterparts) shall constitute the same instrument.

13. This instrument shall be governed by and construed in accordance with the law of the Island of Jersey and the parties hereto hereby submit to the non-exclusive jurisdiction of the Courts of the Island of Jersey in connection herewith.

## Schedule

All monies held within a bank account numbered 7282360 held with J.P. Morgan International Bank Limited, Brussels, as at 31st July 2008 being HKD 255,420,552.86

Listed Investments:

55,825,000 shares in the issued share capital of Li & Fung Limited

Unlisted Investments:

50% of the entire issued share capital of King Lun Holdings Limited represented by 1,332,840 shares of HK$10 each
100% of the entire issued share capital of Elington Developments Limited represented by 2 shares of US$1 each
100% of the entire issued share capital of Wing Yue Ardmore Pte Ltd (formerly known as Gavino PTE Ltd) represented by 2 shares of S$1 each
100% of the entire issued share capital of First Island Developments Limited represented by 2 shares of US$1 each
100% of the entire issued share capital of Equity Harvest Limited represented by 2 shares of US$1 each
50% of the entire issued share capital of Global Intelligence Limited represented by 2 shares of US$1 each

## Loans Receivable

| | US$ |
|---|---|
| Elington Developments Limited as at 31st July 2008 (HKD 28,999,034) | 3,716,892 |
| Wing Yue Ardmore Pte Ltd (formerly known as Gavino PTE Ltd) as at 31st July 2008 | 2,012,282 |
| First Island Developments Limited as at 31st July 2008 | 31,992,272 |
| Equity Harvest Limited as at 31st July 2008 | 32,904,356 |
| Global Intelligence Limited as at 31st July 2008 (HKD 15,692,642) | 2,011,374 |

## Loan Payable

King Lun Holdings Limited (HKD 292,671,087) as at 31st July 2008 US$37,512,532

**IN WITNESS** whereof the parties hereto have executed this instrument in counterpart each appending their date of signature with the last date being the effective date of the instrument.

**SIGNED**

**by** *William Fung Kwok Lun*

in the presence of:

Witnesses:

Signature:

Name: John Fortescue Payne

Occupation: Notary Public, Hong Kong SAR,

Address: 16th-19th Floors, Prince's Building, Central, Hong Kong.

Date: 25 August 2008

**NOTARISED BY**:

**SIGNED**

**by** Julia Fung Shen Nai Kee (as Grantor)

in the presence of:

Witness:

Signature:

Name: John Fortescue Payne

Occupation: Notary Public, Hong Kong SAR,

Address: 16th-19th Floors, Prince's Building, Central, Hong Kong.

Date: 27 August 2008

**SIGNED**

**by** Julia Fung Shen Nai Kee

in the presence of:

Witness:

Signature:

Name: John Fortescue Payne

Occupation: Notary Public, Hong Kong SAR,

Address: 16th-19th Floors, Prince's Building, Central, Hong Kong.

Date: 27 August 2008

**SIGNED**

**by** Dr. Victor Fung Kwok King

in the presence of:

Witnesses:

Signature:

Name: John Fortescue Payne

Occupation: Notary Public, Hong Kong SAR,

Address: 16th-19th Floors, Prince's Building, Central, Hong Kong.

Date: 27 August 2008

**NOTARISED BY**:

**THE COMMON SEAL** of
J.P. MORGAN TRUST COMPANY (JERSEY) LIMITED
was hereunto affixed by:

"A" Sealing committee member:

"B" Sealing committee member:

in the presence of:

Witness:

Date:

**NOTARISED BY**:

**THE COMMON SEAL** of
HSBC TRUSTEE (C.I.) LIMITED
was hereunto affixed in the presence of:

Authorised signatory:

Authorised signatory:

Date:

**NOTARISED BY:**