UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br>GBG USA Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 21-11369 (MEW)<br>Jointly Administered |
| PETER HURWITZ, AS LITIGATION TRUSTEE OF THE GBG USA LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>FUNG HOLDINGS (1937) LIMITED, FUNG DISTRIBUTION INTERNATIONAL LIMITED, STEP DRAGON ENTERPRISE LTD., GOLDEN STEP LIMITED, WILLIAM FUNG KWOK LUN, KING LUN HOLDINGS LIMITED, FIRST ISLAND DEVELOPMENTS LIMITED, VICTOR FUNG KWOK KING, SPENCER THEODORE FUNG, BRUCE PHILIPP ROCKOWITZ, AND HURRICANE MILLENNIUM HOLDINGS LIMITED,<br><br>Defendants. | Adversary Proceeding<br>Adv. Proc. Case No. 23-01022 (MEW) |

## STIPULATION AND ORDER
## ESTABLISHING CASE MANAGEMENT SCHEDULE
## AND AMENDING THE CASE CAPTION

---

[1] The "**Debtors**" in these chapter 11 cases and the last four digits of each Debtor's federal taxpayer identification number are as follows: GBG USA Inc. (2467), Jimlar Corporation (8380), GBG North America Holdings Co., Inc. (5576), Homestead International Group Ltd. (0549), IDS USA Inc. (7194), MESH LLC (8424), Frye Retail, LLC (1352), Krasnow Enterprises, Inc. (0122), Krasnow Enterprises Ltd. (0001), Pacific Alliance USA, Inc. (0435), GBG Spyder USA LLC (9108), and GBG Sean John LLC (1287). The Debtors' mailing address was GBG USA Inc., P.O. Box 4965, Greensboro, NC 27404.

This Scheduling Order is entered by the Court pursuant to Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 16 and 26 of the Federal Rules of Civil Procedure (the "**Federal Rules**"):

**WHEREAS**, on August 16, 2024, Plaintiff filed a notice of dismissal of claims against HSBC Trustee (C.I.) Limited (*see* Adv. Pro. Dkt. No. 63);

**WHEREAS**, on December 16, 2024, the Court entered an order (the "**December 16 Order**," Adv. Pro. Dkt. No. 80) granting in part and denying in part the motion to dismiss (Adv. Pro. Dkt. No. 56) filed by the defendants (the "**Defendants**") listed in the above-captioned adversary proceeding (the "**Adversary Proceeding**");

**WHEREAS**, in the December 16 Order, the Court gave Peter Hurwitz, as Litigation Trustee of the GBG USA Litigation Trust (the "**Plaintiff**") permission to re-plead, with any amended pleading to be filed on or before January 17, 2025; and

**WHEREAS**, on January 2, 2025, the Plaintiff informed Defendants that he will not file a second amended complaint by the January 17, 2025 deadline;

**WHEREAS**, as a result of the December 16 Order, all claims against Spencer Fung and Hurricane Millennium Holdings Limited were dismissed for lack of personal jurisdiction;

**WHEREAS**, since Plaintiff did not file a second amended complaint by January 17, 2025, the Plaintiff and Defendants (together, the "**Parties**") believe that the case caption should be amended to delete reference to Spencer Fung and Hurricane Millennium Holdings Limited, as well as reference to HSBC Trustee (C.I.) Limited, solely in its capacity as Trustee of the "Victor Trust";

**WHEREAS**, the Parties seek the Court's authorization to amend the case caption to remove HSBC Trustee (C.I.) Limited, solely in its capacity as Trustee of the "Victor Trust", Spencer Fung and Hurricane Millennium Holdings Limited;

2

**WHEREAS**, on February 17, 2025, Defendants filed their answer to Plaintiff's First Amended Complaint (Adv. Prod. Dkt. No. 86); and

**WHEREAS**, on February 6, 2025, the Court entered a stipulated order scheduling a pretrial conference in the Adversary Proceeding for February 27, 2025 at 10:00 am.

**NOW THEREFORE**, the Parties, through their respective undersigned counsel, hereby stipulate and agree, subject to the approval of the Court, that:

1. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be exchanged no later than 21 days from the date of this signed Order.

2. Unless extended by the Court for cause shown, and subject to section 2.g of this order, all fact discovery shall be completed no later than May 15, 2026 (the "**Fact Discovery Deadline**"). Unless extended by the Court for cause shown, and subject to section 2.g of this order, the following interim dates shall apply:

   a. The Parties shall serve initial document discovery requests by March 14, 2025. All subsequent requests for production must be served no later than 60 days before the deadline for substantial completion of party document discovery.

   b. The Parties shall substantially complete document discovery by November 21, 2025.

   c. The Parties shall serve any non-party document discovery no later than September 15, 2025.

   d. Initial interrogatories and requests for admissions shall be served on or before August 18, 2025. All subsequent interrogatories must be served no later than 60 days before the Fact Discovery Deadline.

   e. Fact depositions may not begin prior to September 1, 2025 and shall be completed no later than February 13, 2026.

   f. Requests for admission shall be served on or before March 15, 2026.

   g. The deadlines established by this order may be extended if service through the Hague Convention or the need to take discovery through international process or procedures is likely to delay the completion of fact discovery. If it appears to the Parties that such a delay is reasonably likely, the Parties shall meet and confer and either submit a proposed amended scheduling order or letter briefs of no more than five pages per side setting forth their respective positions.

3. Expert discovery:

    a. The Parties shall exchange opening expert reports no later than June 15, 2026.

    b. The Parties shall exchange rebuttal expert reports no later than July 15, 2026.

    c. The Parties shall complete expert depositions no later than September 1, 2026.

4. In the event of a dispute over discovery, the Parties' counsel shall promptly confer to attempt in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery issue, one or both Parties shall promptly inform the Court by letter (no more than three pages) of the nature of the dispute and request a telephonic discovery conference, and the non-advising Party may submit a letter brief, of equal length, within five business days. The Court will endeavor to resolve the dispute without the filing of any discovery motions.

5. The Parties shall meet and confer within five business days after the completion of expert depositions to determine a proposed schedule for *Daubert* motions, if any, and for summary judgment motions, which agreed proposed schedule shall be submitted by no later than five business days after the Parties meet and confer. In the event the Parties are unable to agree (in whole or part) on such a proposed schedule, each side shall submit its proposed schedule to the Court, along with a letter brief of no more than five pages explaining the reasons for its proposed schedule.

6. Within five business days following the Court's resolution of all summary judgment motions, counsel for any remaining Parties shall contact the Court's Chambers to set the date and time for a final pretrial conference at which the Court will set the date for trial on any remaining claims (provided that no motion for withdrawal of the reference shall be pending at the time).

7. On or before 30 days before the trial date, the Parties shall submit a Joint Pretrial Order prepared in accordance with the Court's individual rules and practices. Proposed findings of fact and conclusions of law shall be filed on or before that same date. Motions in limine ordinarily must be filed at least fourteen days before trial, with responses due seven days before trial.

8. The Parties are to conduct discovery in accordance with the Bankruptcy Rules, the Federal Rules, the Local Rules of the Bankruptcy Court for the Southern District of New York and this Court's Chambers Rules.

9. Except as specifically set forth herein, all rights, claims, and defenses of the Parties, including but not limited to personal jurisdiction, are fully preserved.

10. The case caption is revised to remove reference to HSBC Trustee (C.I.) Limited, solely in its capacity as Trustee of the "Victor Trust", Spencer Fung and Hurricane Millennium Holdings Limited.

11. None of the Parties to this adversary proceeding need to amend any of the pleadings previously filed in this adversary proceeding to amend the caption to remove to

HSBC Trustee (C.I.) Limited, solely in its capacity as Trustee of the "Victor Trust", Spencer Fung and Hurricane Millennium Holdings Limited.

| | |
|---|---|
| Dated: New York, New York<br>February 21, 2025 | Respectfully submitted, |
| **GRANT & EISENHOFER P.A.** | **FRESHFIELDS US LLP** |
| By: *s/ Gordon Z. Novod*<br>    Gordon Z. Novod<br>    Thomas Walsh | By: *s/ Henry V. Hutten*<br>    Timothy P. Harkness<br>    Madlyn Gleich Primoff<br>    Henry V. Hutten<br>    David M. Howard |
| 485 Lexington Avenue, 29th Floor<br>New York, NY 10017<br>Tel: 646-722-8523<br>Fax: 646-722-8501<br>Email: gnovod@gelaw.com<br>twalsh@gelaw.com | 3 World Trade Center<br>175 Greenwich Street, 51st Floor<br>New York, NY 10007<br>Telephone: 212-277-4000<br>Facsimile: 212-277-4001<br>timothy.harkness@freshfields.com<br>madlyn.primoff@freshfields.com<br>henry.hutten@freshfields.com |
| Frank. H Griffin (admitted *pro had vice*)<br>123 Justison Street<br>Wilmington, DE 19801<br>Tel: 302-622-7000<br>Email: fgriffin@gelaw.com | |
| *Special Counsel for Peter Hurwitz, as Trustee of the GBG USA Litigation Trust* | *Counsel for Defendants Fung Holdings (1937) Limited, Fung Distribution International Limited, Step Dragon Enterprises Limited, Golden Step Limited, William Fung, King Lun Holdings Limited, First Island Developments Limited, Victor Fung, Spencer Theodore Fung, Bruce Philipp Rockowitz, and Hurricane Millennium Holdings Limited* |

**SO ORDERED**

Dated: New York, New York
    February 27, 2025

/s/ **Michael E. Wiles**
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE